### 3191.  WILLIAMS v. THE STATE.

### 3192.  JACKSON v. THE STATE.

RUSSELL, J.  1. Under the act of 1903 (Acts 1903, p. 43) amending the former definition of robbery, there was added to robbery by force and robbery by intimidation a new class or kind of robbery, to wit, "the sudden snatching, taking, or carrying away" of property, "without the consent of the owner or person in possession or control thereof." Penal Code (1910), § 148.  Prior to this amendment, violence of some kind was an indispensable essential of the offense of robbery.  Without violence there could be no robbery; but the offense might be larceny from the person.  Since the amendment, in order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference

now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed.

2. In the present case, though the testimony of the prosecuting witness was weak and to a degree self-contradictory, still there was testimony that he was conscious that something was being taken from his pocket, before or at least at the same time that the outcry was made that his money was being taken from him, and therefore the jury were authorized to find that his purse was suddenly taken away from him without his consent, but with his knowledge, and that the offense, if any, was robbery by sudden taking, and not larceny from the person or secret theft. There was also sufficient evidence to authorize the jury to find that both of the defendants were principals, the one in the first degree and the other in the second degree.

3. There was no material error in the charge, and the judgment, approved by the trial judge, will not be set aside.          *Judgment affirmed.*

DECIDED APRIL 3, 1911.

Indictment for robbery; from Chatham superior court—Judge Charlton. January 1, 1911.

*Shelby Myrick, R. L. Colding,* for plaintiffs in error.

*Walter C. Hartridge, solicitor-general,* contra.

