### 8775. MOORE v. THE STATE.

GEORGE, J. 1. Upon the trial of one indicted for and convicted of the offense of robbery by sudden snatching, as defined in section 148 of the Penal Code (1910), it was error, requiring a new trial, for the court to instruct the jury as follows: "If you should be of the opinion, beyond a reasonable doubt, that the defendant did take from the person of James Sneed [the prosecutor] the money, or any part thereof, that is described in this bill of indictment, or the tobacco or any part thereof described in this bill of indictment, and carry the same away with the intent to steal the same, and without his consent, then you would be authorized, and it would be your duty, to find the defendant guilty."

2. In order to constitute the offense of robbery by sudden snatching, an element of force is necessary. In order to constitute the offense of larceny from the person, the property must be wrongfully, fraudulently, and privately taken and carried away. The foregoing excerpt from the charge of the court leaves out of consideration the element of force involved in robbery by sudden snatching, and is an incorrect statement of the law.

3. The instruction quoted above was especially harmful in view of the defendant's contention at the trial that if any offense was committed, it was larceny from the person. The evidence upon which the State relied for a conviction of the offense of robbery by sudden snatching was very slight, and strongly indicated larceny from the person.

4. The court erred in overruling the motion for a new trial.

          *Judgment reversed. Wade, C. J., and Luke, J., concur.*

          DECIDED JUNE 13, 1917.

Indictment for robbery; from Crisp superior court—Judge Crum. March 31, 1917.

*Pearson Ellis,* for plaintiff in error.

*J. B. Wall,* solicitor-general, *Jesse Grantham,* contra.