73879. GRIFFIN v. THE STATE.
(358 SE2d 917)

POPE, Judge.

Michael Griffin brings this appeal from his conviction and sentence of armed robbery. *Held*:

1. Defendant's first enumeration cites as error the denial of his motion in limine which allowed the introduction of evidence of a written scientific report pertaining to certain fingerprints. Defendant

made a timely request for copies of all scientific reports pursuant to OCGA § 17-7-211, but a copy of the written report of a fingerprint match between latent prints taken at the crime scene and the inked fingerprint card made by defendant was not provided to defense counsel until five days before trial. The prosecutor explained that he had been unaware of the scheduled trial date, but upon discovery thereof he had requested the examining officer to prepare an official written report on the fingerprint match and had delivered a copy of same to defense counsel the same day. These circumstances disclose no violation of defendant's discovery rights under the statute. *Daniel v. State*, 180 Ga. App. 179 (2) (348 SE2d 720) (1986); see also *Prater v. State*, 171 Ga. App. 122 (1) (318 SE2d 816) (1984).

Defendant also contends that the latent fingerprint card (which had been prepared at the crime scene over a year prior to trial) was discoverable under OCGA § 17-7-211 and thus should have been excluded from evidence. In addition to the latent prints, this card contained information concerning the date, time and type of crime, the location of the prints, the name of the officer who lifted the prints and the name of the officer who matched the prints. The common element in "scientific reports" discoverable under the statute "appears to be that each includes the examiner's findings based on scientific analysis or his or her opinion." *State v. Madigan*, 249 Ga. 571, 574 fn. 2 (292 SE2d 406) (1982); *Williams v. State*, 251 Ga. 749 (3c) (312 SE2d 40) (1983). The official report contained such findings, and the examining officer testified that he used the latent fingerprint card in the process of making those findings, comparing and ultimately matching the prints with those of defendant. It is thus clear that the latent fingerprint card itself did not contain the conclusions of the officer, "but instead had to be interpreted by him in order to attain significance." Id. at 754. We thus conclude that the latent fingerprint card was not a "scientific report" discoverable under OCGA § 17-7-211. Accord *Thompson v. State*, 175 Ga. App. 645 (4) (334 SE2d 312) (1985); see also *Thomas v. State*, 176 Ga. App. 53 (9) (335 SE2d 135) (1985); *Johnson v. State*, 174 Ga. App. 579 (330 SE2d 791) (1985), and cits.

2. Our review of the record in this case discloses no abuse of discretion in the trial court's denial of defendant's pretrial motion for a change of venue. *Ford v. State*, 255 Ga. 81 (5) (335 SE2d 567) (1985), and cits.; *Blanks v. State*, 254 Ga. 420 (1) (330 SE2d 575) (1985), and cits, cert. den., 89 LE2d 733, reh. den., 90 LE2d 681 (1986).

3. Defendant's final enumeration of error challenges the denial of his motion for continuance based upon the prosecution's alleged failure to furnish, upon timely demand therefor, an accurate list of witnesses within a reasonable time prior to trial. See OCGA § 17-7-110. The record shows that six days prior to trial the prosecution provided

defendant with a "revised" list of nine witnesses it intended to call at trial. Defendant nonetheless moved for a continuance "because the list was not provided within the time provided by law and any previous list that the State says it had provided contained sixty or seventy some-odd witnesses . . . half . . . or two-thirds of which don't have a thing to do with this case. . . ." (The initial witness list apparently related in large part to an earlier-tried murder case against defendant.) On the basis of this motion the trial court requested a showing of prejudice from defense counsel. No response was forthcoming, and the trial court overruled the motion.

"The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. [Cit.] [Defendant] did not claim to be unfairly surprised by [the prosecution's revised witness list] and did not allege prejudice of any kind from the fact that the notification was [six days prior to trial.] Under such circumstances any defect in the failure of the prosecution to [timely provide a] written list of witnesses is harmless. [Cit.]" *Logan v. State*, 170 Ga. App. 809, 810 (318 SE2d 516) (1984); *Favors v. State*, 234 Ga. 80 (1) (214 SE2d 645) (1975); see *Rutledge v. State*, 152 Ga. App. 755 (1a) (264 SE2d 244) (1979). Compare *Barrentine v. State*, 136 Ga. App. 802 (5, 6) (222 SE2d 103) (1975), holding that the denial of a continuance was error where defense counsel was served with a new and additional list of witnesses the day before trial and stated in his place that he had not had time to interview them and determine exactly what the evidence was against his client.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 19, 1987.

*Walter W. Ballew III*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.