76859. DRIVER v. THE STATE.
(372 SE2d 841)

BENHAM, Judge.

Appellant was convicted of burglary. On appeal, he contends that he was denied a fair trial because the State did not furnish him with a copy of the indictment and a list of witnesses in advance of trial. See 1983 Ga. Const., Art. I, Sec. I, Par. XIV; OCGA § 17-7-110; Rule 30.3 of the Uniform Rules for the Superior Courts.

1. Appellant filed an amendment to his enumerations of error, containing an additional enumeration, on July 13, 1988. Appellant's appeal was docketed on April 5, 1988, and appellant's enumerations of error were due 20 days later, on April 25, 1988. Rule 14, Rules of the Court of Appeals. "Enumerations of error may not be amended after the time for filing has expired. [Cit.]" *Scott v. State,* 177 Ga. App. 474 (3) (339 SE2d 718) (1986). "An amendment to the enumerations of error filed after time allowed for such filing will not be considered. [Cits.]" *Malone v. State,* 147 Ga. App. 555 (2) (249 SE2d 368) (1978).

2. Appellant contends that he was not given a copy of the indictment and a list of witnesses despite his timely request therefor. Eleven days before trial, appellant's counsel received a preprinted form letter, accompanied by a copy of the defendant's statement and his executed waiver of counsel, advising counsel that "a copy of the

indictment with a list of witnesses attached is available for you to pick up at the Clerk's office."

The 1983 Georgia Constitution provides that every criminal defendant "shall be furnished with a copy of the accusation or indictment and, on demand, with a list of the witnesses on whose testimony such charge is founded . . ." 1983 Ga. Const., Art. I, Sec. I, Par. XIV. In an effort to implement the constitutional provision (see Ga. L. 1983, p. 503, Sec. 1), OCGA § 17-7-110 was amended to require that "every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, on demand, with a list of witnesses on whose testimony the charge against him is founded." Rule 30.3 of the Uniform Rules for the Superior Courts provides that, upon request, the district attorney "shall furnish to defense counsel . . . the addresses and telephone numbers of the state's witnesses. . . ." 253 Ga. 801, 853 (1985). The question presented is the means the district attorney may use to fulfill his constitutional and statutory duty to "furnish" the defendant with a copy of the indictment and the requested list of witnesses. Appellant maintains that the material must be served upon opposing counsel pursuant to OCGA § 17-1-1 (b), while the State posits that it "furnished" appellant the requested material by making it available to appellant by notifying him of its presence in the clerk's office.

The other criminal discovery statutes, OCGA §§ 17-7-210 and 17-7-211, require the prosecution to *furnish* the defendant with a written copy of oral statements made by the defendant while in police custody, as well as copies of scientific reports which will be introduced in evidence. This court has held that failure of the prosecution *to deliver* a copy of the custodial statement to a defendant violates OCGA § 17-7-210. *Ludy v. State*, 177 Ga. App. 767 (1) (341 SE2d 224) (1986). OCGA § 17-1-1 requires service of certain documents related to a criminal prosecution and permits service on defense counsel by delivery, which is then statutorily defined. See OCGA § 17-1-1 (b) (2). "Delivery" impresses more of a duty upon the State to ensure that the defendant is in receipt of the material than merely notifying the defendant of the whereabouts of the documents. In order to ensure that a defendant receives the indictment copy to which he is constitutionally and statutorily entitled, as well as the appropriate responses to constitutionally and statutorily authorized discovery requests, we deem it necessary to designate those documents as "similar paper" as that term is used in OCGA § 17-1-1 (a), thereby requiring that they be served upon each party in any of the methods prescribed by OCGA § 17-1-1.

3. It is undisputed that the State did not serve appellant with a copy of the indictment or the list of witnesses in a manner prescribed by OCGA § 17-1-1. However, error must be shown to have been harm-

ful before it will be deemed reversible error. *Rutledge v. State*, 152 Ga. App. 755 (1a) (264 SE2d 244) (1979). Appellant has neither alleged nor demonstrated that he was surprised or prejudiced by not receiving a copy of the indictment. Similarly, he did not claim to be unfairly surprised by the lack of a list of witnesses and did not allege prejudice from the lack of receipt of the list. Under such circumstances, the State's failure to provide appellant with a copy of the indictment and a list of the witnesses constitutes harmless error. *Griffin v. State*, 183 Ga. App. 386 (3) (358 SE2d 917) (1987); *Byrd v. State*, 182 Ga. App. 284 (1) (355 SE2d 666) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Christopher C. Edwards*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, *Eric D. Hearn*, Assistant District Attorney, for appellee.