## A93A1584. McNEARNEY v. THE STATE.
(436 SE2d 585)

ANDREWS, Judge.

McNearney was charged and convicted of robbery by sudden snatching pursuant to OCGA § 16-8-40 (a) (3), and appeals.

In her sole enumeration of error, McNearney contends that the evidence was insufficient to convict her of robbery by snatching. Specifically, she contends that there was no evidence which showed that the victim was conscious of the theft at the time it occurred, and that the property taken was not within the victim's immediate presence. She argues that the conviction should be vacated and a verdict for theft by taking entered.

Evidence at trial was that the incident occurred on July 27, 1992 in the parking lot of a grocery store. The victim, Janet Taylor, had been shopping at the grocery store, left the store and pushed a grocery cart to her car and began unloading groceries into her car. She had placed her purse in the portion of the cart customarily used to carry children. Ms. Taylor was leaning over, unloading the groceries from the opposite end of the cart and was approximately three feet away from her purse.

Meanwhile, appellant McNearney drove a car through the grocery store parking lot, with co-defendant Dee Evans as a passenger. Evans leaned out of the window and grabbed the purse and McNear-

ney drove out of the parking lot.

Immediately thereafter, Harry Moore, who was also parked in the lot, alerted Taylor to the fact that her purse had been taken. Taylor testified that while unloading groceries, she felt the cart hit the back of her leg. Nevertheless, she did not see the car driven by McNearney approach, nor did she see anyone snatch her purse. She became aware of the crime when Moore alerted her to it. After Moore told Taylor that her purse had been taken, she looked and saw a small grey car, which was traveling fast, leaving the parking lot.

At trial both Dee Evans and appellant McNearney admitted to the basic version of facts outlined above. They contended, however, that they thought that the purse was unattended and did not see Ms. Taylor standing at the front of the grocery cart.

The jury was charged on robbery by snatching and also charged on theft by taking. OCGA § 16-8-2. The jury requested a recharge on the definitions of both crimes and after the definition of robbery one juror asked: "[d]o they have to be conscious of the fact that they are being stolen from?" The court redefined robbery and then stated: "I would say that to prove robbery by sudden snatching it is necessary to show that a person robbed was conscious that something was being taken from their immediate presence. Okay?" The jury then asked "[w]ould there be any time limit?" The court stated: "those issues, how you assess that, is just a jury question."

The first issue before us is whether the conviction for robbery by snatching was proper in light of the fact that the victim was unaware of the crime until after it was completed. In *Hickey v. State*, 125 Ga. 145, 146 (53 SE 1026) (1906), the court stated: " 'suddenly snatching a purse, with intent to steal the same, from the hand of another, without using intimidation, and where there is no resistance by the owner or injury to his person, does not constitute robbery.' " The court further stated: "[i]f the taking be secret, stealthy, and without the knowledge of the owner, it is larceny from the person; but if the taking is done with the knowledge of the victim but without his consent, and by a sudden snatching, the act is robbery." Id. at 147.

In *Williams v. State*, 9 Ga. App. 170 (1) (70 SE 890) (1911), the court elaborated on the element of consciousness involved: "it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed." See also *Moore v. State*, 20 Ga. App. 190 (92 SE 963) (1917).

The State argues that the victim's unawareness of the crime committed here is irrelevant and relies upon cases in which robbery convictions were upheld despite the fact that the victim was unconscious at the time of the actual taking. See, e.g., *Brown v. State*, 251 Ga. 598 (2) (308 SE2d 182) (1983). Those cases are distinguishable from incidents falling within OCGA § 16-8-40 (a) (3). Furthermore, unlike *Byrd v. State*, 171 Ga. App. 344 (1) (319 SE2d 460) (1984) (victim became aware of taking before the taking was complete); and *Crosby v. State*, 150 Ga. App. 555 (1) (258 SE2d 264) (1979) (purse stolen from victim's laundry basket with victim's knowledge); here the victim was not aware that a crime had been committed until it was complete. Compare *Smith v. State*, 117 Ga. 320 (43 SE 736) (1903); *Hall v. State*, 41 Ga. App. 368 (153 SE 199) (1930); *Crockett v. State*, 177 Ga. App. 92 (338 SE2d 538) (1985).

Because the evidence was insufficient for a conviction for robbery by snatching we vacate that judgment and remand the case with direction that judgment be entered for theft by taking pursuant to OCGA § 16-8-2. Because of our conclusion, we need not address McNearney's argument regarding whether the property was taken from the victim's immediate presence.

*Judgment vacated and case remanded with direction. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 19, 1993.

*Warren & Wm. Morgan Akin, P.C., Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.