A94A0719. BRYANT v. THE STATE.
(444 SE2d 391)

COOPER, Judge.

Defendant was convicted by a jury of robbery by sudden snatching. On appeal from the judgment entered on the verdict, defendant argues the trial court erred in not charging the lesser included offense of theft by taking.

The trial transcript reveals that the victim was pushing her grocery cart through the meat section in a supermarket. The victim stopped her cart to look at a ham. The victim's purse was in the child seat of the cart which was located approximately two feet away from her. The victim picked up the ham to look at it and, as she turned around, she saw a man slowly lifting her purse out of the cart. The victim began screaming at the man, and the man quickly began walking backward with the victim's purse. The victim ran after the man who was apprehended by another customer in the store. The victim identified defendant as the man who took her purse.

OCGA § 16-8-40 (a) (3) provides that "[a] person commits the

offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." "A person commits the offense of theft by taking when he unlawfully takes . . . property of another with the intention of depriving him of the property. . . ." OCGA § 16-8-2.

Defendant argues that his written request for a charge on the lesser included offense of theft by taking should have been given because there was a question of fact as to whether the purse was taken from the victim's immediate presence. We disagree. In *Welch v. State*, 235 Ga. 243 (1) (219 SE2d 151) (1975), the Supreme Court of Georgia noted that one's immediate presence extends fairly far, and robbery convictions will generally be upheld, even if the object taken was out of the physical presence of the victim, if the object was under his control or his responsibility and if the victim was not too far distant. See also *Sypho v. State*, 175 Ga. App. 833 (2) (334 SE2d 878) (1985). "The meaning of presence is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection, that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to the individual within a distance, not easily defined, over which the influence of the personal presence extends." (Citations and punctuation omitted.) *Sypho*, supra at 834.

"[I]n order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed." *Williams v. State*, 9 Ga. App. 170, 171 (1) (70 SE 890) (1911); accord *McNearney v. State*, 210 Ga. App. 582, 583 (436 SE2d 585) (1993).

"As a general rule, a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Citations and punctuation omitted.) *James v. State*, 210 Ga. App. 454 (2a) (436 SE2d 565) (1993). However, the trial judge is justified in refusing to charge a lesser included offense when there is no evidence of the lesser included offense. *Edwards v. State*, 264 Ga. 131 (____ SE2d ____) (1994). The victim testified that while she picked out a ham, defendant took her purse out of her grocery cart, which was no more than two feet away from her, and that she saw defendant as he lifted her

purse out of the grocery cart. The victim established that she was conscious that something was being taken from her, therefore, "the offense, if any, was robbery by sudden [snatching]." *Williams*, supra at 171. Accordingly, we conclude the trial court did not err in refusing to charge the lesser included offense of theft by taking. *Sanders v. State*, 135 Ga. App. 436, 438 (218 SE2d 140) (1975).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994.

*Hodges, Erwin & Hedrick, David W. Orlowski*, for appellant.
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.