## A96A2089. LAWSON v. THE STATE.
### (481 SE2d 856)

SMITH, Judge.

Bernard Lamar Lawson was indicted on one count of robbery by sudden snatching, OCGA § 16-8-40 (a) (3), and one count of violation of the Georgia Controlled Substances Act by possessing cocaine, OCGA § 16-13-30 (a).[1] Lawson was found guilty by a jury of robbery by sudden snatching and possession of cocaine, his motion for new trial was denied, and he appeals.

Construed to support the verdict, the evidence shows that a vehicle driven by Lawson rear-ended the vehicle of the victim, a church secretary, at a stop sign on a Fayette County road. As they were talking about insurance, the victim went to the passenger side of her car to obtain her insurance card and write down the information on it. Lawson followed her to the passenger door, reached into the car, and took a bag containing backup tapes for the church's computer. He ran back to his car, and he and his companion sped away.

The police were notified and quickly located Lawson's vehicle, which had been stolen in a carjacking two days earlier. Lawson and his companion led the police on a high-speed chase, narrowly missed a sheriff's deputy directing traffic, evaded a rolling roadblock by ramming a patrol car, and continued to flee until Lawson lost control of the vehicle after the police shot out the tires. The stolen bag was found in the vehicle, along with a smoking device containing cocaine residue. After his arrest, Lawson signed a waiver of rights form and made a custodial statement in which he admitted hitting the victim's vehicle and taking her bag and stated that he "was on drugs real bad."

1. Lawson contends that the State failed to prove all the elements of robbery by sudden snatching, specifically that no force was shown and that the robbery was not from "the immediate presence" of the victim. For these reasons, he asserts, he was entitled to both a directed verdict on that count and a jury instruction on the lesser included offense of theft by taking. These contentions are without merit.

As Lawson himself acknowledges, "[f]orce is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to his possession." (Citations and punctuation omitted.) *Dotson v. State*, 160 Ga. App. 898, 899 (1) (288 SE2d 608) (1982). "In order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary

---

[1] Lawson also was charged with one count of hit and run, OCGA § 40-6-270 (c), but that charge was nolle prossed.

to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed." (Citations and punctuation omitted.) *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994).

As in *Bryant*, in which the victim saw the defendant take her purse from her shopping cart "no more than two feet away from her," id. at 303, the victim here saw Lawson as he "reached in and grabbed" her bag from the floor of her vehicle as both of them were standing by the passenger door. Additionally, "the trial judge is justified in refusing to charge a lesser included offense when there is no evidence of the lesser included offense. [Cit.]" Id. at 302. The trial court did not err in refusing to direct a verdict of acquittal in favor of Lawson on the charge of robbery by sudden snatching, and it did not err in refusing to instruct the jury on a lesser included offense of theft by taking.

2. In a related enumeration, Lawson complains that the trial court improperly addressed the jury regarding Lawson's contentions that the lesser offense of theft by taking could be found. After the trial court repeatedly stated in the charge conference that there would be no charge on a lesser included offense of theft by taking, Lawson's counsel attempted to raise this issue in closing argument. The trial court interrupted Lawson to instruct the jury that under the evidence, "this is either robbery by sudden snatching or it's nothing, under count one." As noted in Division 1, Lawson is incorrect in his assertion that the facts presented showed a lesser included offense of theft by taking. Moreover, he failed to object to the trial court's statement, either at the time of the trial court's statement or after the trial court's charge to the jury, and has failed to preserve the alleged error for review. *Hopkins v. State*, 263 Ga. 354, 356 (2) (434 SE2d 459) (1993); *Walker v. State*, 258 Ga. 443, 444 (3) (a) (370 SE2d 149) (1988).

3. Lawson contends that the State failed to comply with the criminal discovery provisions of OCGA § 17-16-1 et seq.[2] with respect to a statement made by Lawson when he was taken into custody, a statement made by the victim, and a scientific report of a cocaine

---

[2] Lawson elected to proceed under the criminal discovery provisions of OCGA § 17-16-1 et seq. by filing the written notice prescribed by OCGA § 17-16-2 (a).

test. Lawson's counsel, however, waived any objection to the production of Lawson's statement: "I have agreed to allow them to bring in the statement . . . without the ten days." Counsel also acknowledged that he saw the victim's statement in the State's file when he inspected it pursuant to the State's "open file policy." He did not remember if he saw the scientific report in the file; the prosecutor stated positively that the scientific report had "always been in there and always been a part of both this file and the file of the codefendant."

Lawson contends, however, that the State was obligated to *serve* him with copies of all these materials and that upon its failure to do so, the trial court should have stricken all related testimony. We disagree. Although the criminal discovery statutes use a variety of terms to describe the State's duty to comply with discovery, the statutes applicable here do not require actual service upon defense counsel.

(a) In the case of Lawson's statement to law enforcement officers shortly after his arrest, the language of OCGA § 17-16-4 (a) (1) is plain: "The prosecuting attorney shall . . . *disclose* to the defendant and *make available for inspection,* copying, or photographing any relevant written or recorded statements made by the defendant." (Emphasis supplied.) This language contrasts with the express requirement of *service* of the statements of witnesses regarding an alibi defense in OCGA § 17-16-5 (a) and (b), as well as with another provision of the same Code section requiring that the State "furnish" to the defendant a copy of his criminal history. OCGA § 17-16-4 (a) (2). See also OCGA § 17-16-3 (accused "shall be furnished" with copy of indictment and list of witnesses). The term "furnish" has been construed by this Court to require service. *Driver v. State,* 188 Ga. App. 301, 302 (2) (372 SE2d 841) (1988) (examining criminal discovery provisions of former OCGA §§ 17-7-110, 17-7-210, and 17-7-211).

Under the rules of statutory construction, we must construe all related statutes together, give meaning to each part of the statute, and avoid constructions which result in surplusage and meaningless language. *City of Buchanan v. Pope,* 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996). Moreover, we must presume that, at the time OCGA § 17-16-1 et seq. was enacted, the legislature was aware of the existing law and the *Driver* decision. *Hart v. Owens-Illinois, Inc.,* 250 Ga. 397, 400 (297 SE2d 462) (1982). Had the legislature wished to require that the State "furnish" or "serve" a defendant's statements under OCGA § 17-16-4 (a) (1), as it did provide under other Code sections in the same title, it could have done so. We conclude that this language requires only that the State make a defendant's statements available for inspection, copying, or photographing, not that such statements be served upon the defendant.

(b) We reach the same conclusion with respect to the victim's statement. OCGA § 17-16-7 provides: "the prosecution . . . shall produce for the opposing party any statement of any witness." Using the same rules of statutory construction, we conclude that the legislature did not intend for such statements to be "furnished" or "served" as those terms are used in other Code sections in the same title. The language of OCGA § 17-16-7, requiring that the State "produce for the opposing party" statements of witnesses, is closer to the "make available" language of OCGA § 17-16-4 (a) (1) and the "permit . . . to inspect and copy" language of OCGA § 17-16-4 (a) (3), than the "shall furnish" language of OCGA § 17-16-8 or the "shall serve" language of OCGA § 17-16-5 (a) and (b).

(c) As for the scientific test for the presence of cocaine, OCGA § 17-16-4 (a) (4) provides that the State shall "permit the defendant . . . to inspect and copy or photograph a report . . . of scientific tests or experiments." As noted above, the meaning of this language is the same as that of OCGA § 17-16-4 (a) (1) and (3), and we conclude that it likewise does not require service upon the defendant, but only making the reports of such tests available for inspection and copying. While Lawson's counsel stated that he could not remember whether he saw the drug analysis report in the State's file, the prosecutor stated that it was there. To the extent that this constituted a dispute of fact, the trial court did not abuse its discretion in resolving it in favor of the State. See *Hodge v. State*, 262 Ga. 242, 243 (2) (416 SE2d 518) (1992).

Finally, even if error occurred in production of these documents, "error must be shown to have been harmful before it will be deemed reversible error. [Cit.]" *Driver v. State*, supra, 188 Ga. App. at 302-303 (3). Lawson either acknowledged that he saw the documents in question or could not remember if he saw them; he cannot show harm merely by insisting that the State should have served him.[3] "Because the prosecution had an 'open file policy' in this case, the *existence* of the [information] was known or constructively known to [Lawson] because that information appeared in the State's file." *Mosely v. State*, 217 Ga. App. 507, 508 (2) (458 SE2d 165) (1995). Moreover, Lawson failed to raise this issue until after two witnesses had already testified, and it therefore was untimely.

The trial court did not err in refusing to strike the testimony regarding Lawson's statement, the victim's statement, or the cocaine test.

4. Lawson also contends the trial court erred in its recharge of

---

[3] As aptly observed by the trial court, "If you saw it, you knew what was in it, wouldn't that be harmless error? . . . I can't see how you could possibly be hurt."

the jury on the issue of constructive possession by adding material not previously charged. Generally, the scope and content of additional jury instructions are left to the sound discretion of the trial court, and the trial court may address only the jury's request on a particular point or give additional instructions. Looking to both the recharge and the original charge on the issue of constructive possession, and considering the jury instructions as a whole, we find no error and no likelihood that the jury was confused or misled. *Miller v. State*, 221 Ga. App. 718, 719-720 (1) (472 SE2d 697) (1996).

5. Finally, Lawson enumerates as error a portion of the trial court's charge in which the trial court, in giving the jury the particulars of the indictment, mistakenly stated "the material allegations which must be . . . proven are that this defendant, Bernard Lamar Lawson, did . . . commit the offense of possessing marijuana" instead of cocaine as charged in the indictment. The trial court correctly identified the offense as possession of cocaine in the remainder of the charge, and the indictment reflecting the correct charge was sent out with the jury.

A mere verbal slip that clearly could not have misled or confused the jury, when considered in the light of the entire charge, is not reversible error. Because the trial court correctly and repeatedly instructed the jury that Lawson was charged with possession of cocaine, and because the indictment went out with the jury, we conclude that the court's misstatement was harmless. *Tenant v. State*, 218 Ga. App. 620, 622 (462 SE2d 783) (1995). See also *Hall v. State*, 192 Ga. App. 151, 152 (4) (384 SE2d 428) (1989) (verbal slip in which trial court referred to a purchase of cocaine rather than marijuana harmless error).

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997.

*Saia & Richardson, Joseph J. Saia*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.