## A00A1014. BURNS v. THE STATE.
(537 SE2d 768)

MILLER, Judge.

After having pled guilty to Count 1 (criminal trespass)[1] and Count 2 (theft by taking),[2] Mark Burns was nevertheless tried and convicted of these charges and of Count 3, which charged him with robbery by sudden snatching arising out of the same conduct.[3] The evidence showed that he entered a restaurant and intentionally confused the cashier so that she would give him too much money in exchange for certain large bills. When the cashier stated she would have to get the manager, Burns grabbed the restaurant's money she still held in her hand and escaped. The court merged the theft count into the robbery count. He appeals the robbery conviction on the ground that no evidence showed that the victim was conscious of the taking prior to the completion of the taking.

It is true that to prove a case of robbery by sudden snatching, the State must prove that the victim was conscious of something being taken from her and that for any reason she was unable to prevent it.[4] It is also true that the difference between robbery by sudden snatching and theft by taking is that in theft by taking the property is taken without the knowledge of the victim, whereas in robbery by sudden snatching the victim must become aware, before the taking is complete, that the property is being taken away from her.[5]

---

[1] OCGA § 16-7-21 (b) (1).
[2] OCGA § 16-8-2.
[3] OCGA § 16-8-40 (a) (3).
[4] *Williams v. State*, 9 Ga. App. 170 (1) (70 SE 890) (1911); accord *Lawson v. State*, 224 Ga. App. 645 (1) (481 SE2d 856) (1997).
[5] *Williams*, supra, 9 Ga. App. at 170-171 (1); *Lawson*, supra, 224 Ga. App. at 646 (1).

Burns testified that he did not snatch the money held in the victim's hand but that she gave it to him willingly because he had successfully confused her into thinking that it was also his. The victim testified otherwise, stating that she knew the money in her hand belonged to the restaurant and that she did not intend to give the money to Burns voluntarily. She and her co-worker testified that Burns forcibly grabbed or snatched the money from her hand and then ran out of the store. As there was evidence from which a jury could find that the victim was aware, before the taking was complete, that Burns was taking money that belonged to her employer, the evidence sufficed to sustain the conviction for robbery by sudden snatching.[6]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 26, 2000.

*Ann C. Stahl*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[6] See *King v. State*, 214 Ga. App. 311 (1) (447 SE2d 645) (1994); see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).