### A00A1855. WESTMORELAND v. THE STATE.
(538 SE2d 119)

ELDRIDGE, Judge.

A jury found Amos Westmoreland guilty of robbery. He appeals from the conviction entered on the verdict. In his sole enumeration of error, Westmoreland contends the trial court erred by failing to charge the jury on his sole defense of "claim of right." See OCGA § 16-8-10 (2). Under the facts of this case, we find no error and affirm.

The evidence given at trial shows the following. On November 18, 1998, the victim was involved in an automobile collision and received medical treatment in the emergency room of Southern Regional Medical Center for pulled ligaments and a broken finger. When the victim left the emergency room with his wife around 10:15 p.m., he was on crutches and had a splint and bandages on one arm which extended onto his hand and a splint and bandages on one leg which extended onto his foot. The victim and his wife drove across the street to a CVS pharmacy to have a prescription filled. The victim's wife went into the pharmacy, and the victim remained in the car. The victim's crutches were visible since they were sticking out of the open back window.

The victim testified that there were four or five men, including Westmoreland, standing on the curb outside the pharmacy, and he asked them what time it was. Westmoreland walked over to the car and asked if the item in his lap was a gun. The victim replied, "[N]o, it's a phone." Westmoreland then reached into the car and grabbed the cellular telephone from the victim's lap and took off running. The victim further testified that he was unable to prevent Westmoreland from taking his phone because of his injuries. The victim and his wife summoned the police, and Westmoreland was apprehended at 10:42 p.m. about 500 yards from the pharmacy with the victim's cellular telephone in his possession.

At the time of his arrest, Westmoreland did not state to officers that he bought the telephone from the victim. However, at trial, Westmoreland testified that the victim asked the group of men he was standing with if he could buy some "rock," i.e., crack cocaine. Westmoreland further testified that when he stated they did not have any crack cocaine, the victim asked if "y'all want to buy that phone then?" Westmoreland went on to testify that he purchased the cellular telephone from the victim for $50 and walked away from the pharmacy to a quieter area to talk on the phone.

Quenton Turner, Harold Wise, and Fernando Morgan, who were with Westmoreland outside the pharmacy, testified for the defense. Turner and Wise testified that the victim asked to buy crack cocaine and that Westmoreland bought the telephone from the victim. Morgan testified that the victim had vaguely expressed an interest in buying drugs; that he saw the victim hand Westmoreland his cellular telephone; and that he saw Westmoreland reach into his pocket where he normally kept money. *Held*:

1. OCGA § 16-8-10 (2) provides an affirmative defense "for violation[s] of Code Sections 16-8-2 through 16-8-7" if a person "[a]cted under an honest claim of right to the property . . . involved or under a right to acquire or dispose of it as he did." Code Sections 16-8-2 through 16-8-7 are respectively theft by taking, theft by deception,

theft by conversion, theft of services, and theft by receiving stolen property. Westmoreland, however, was not charged with one of these offenses but was charged with the offense of robbery in that "with the intent to commit theft," he took from the person of the victim a Motorola cellular phone "by use of sudden snatching." See OCGA § 16-8-40 (3).

> [F]orce is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to his possession. In order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed.

(Citations and punctuation omitted.) *Lawson v. State*, 224 Ga. App. 645-646 (481 SE2d 856) (1997). See *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994).

"It is well settled that a request to charge the jury must be legal, apt, precisely adjusted to some principle involved in the case and be authorized by the evidence." (Citation and punctuation omitted.) *Kelley v. State*, 235 Ga. App. 177, 179 (509 SE2d 110) (1998). "Even raising the hue and cry of 'sole defense' does not mandate that a charge be given without some evidence to support it. [Cits.]" *Wideman v. State*, 222 Ga. App. 733 (476 SE2d 49) (1996).

Under the facts of this case, the victim established he was aware that his cellular telephone was being taken from his lap and that he was unable to prevent it. There was no evidence of a theft other than by sudden snatching. Therefore, "the offense, if any, was robbery by sudden snatching." (Citations and punctuation omitted.) *Bryant v. State*, supra at 303. Since there was no evidence of the lesser included offense of theft by taking, Westmoreland was not entitled to a charge on the affirmative defense of "claim of right." To allow a "claim of right" defense to an offense, such as robbery by sudden snatching, within which the use of force is implicit would sanction the use of force to claim the property. Presumably, this is why robbery by sudden snatching was not included by the legislature as an

offense to which "claim of right" could be used as a defense. See *Crowder v. State*, 241 Ga. App. 818, 820 (527 SE2d 901) (2000) (claim of right is not a defense to armed robbery when evidence shows a completed armed robbery); *Wideman v. State*, supra (claim of right is not a defense to burglary because entry into the house was unauthorized).

2. Even if there had been evidence of the offense of theft by taking and Westmoreland had been entitled to a charge on the affirmative defense of claim of right, there was no error in the trial court's charge.

> If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request. The affirmative defense, however, need not be specifically charged if the case as a whole is fairly presented to the jury.

(Citation omitted.) *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981).

In addition to charging the jury on presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, the definitions of intent and robbery, and circumstantial evidence, the trial court charged as follows:

> if recently thereafter the [d]efendant should be found in possession of the stolen property, that would be a circumstance, along with all the other evidence, from which you may infer guilt as to the charge of robbery as set forth in this indictment, if you see fit to do so, *unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence*, which is a question solely for you, the jury, to determine.

(Emphasis supplied.) The charge as a whole fairly presented the issues, including Westmoreland's defense of "claim of right," to the jury.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2000.

*Donald L. Mobley*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.