A02A1379. PERKINS v. THE STATE.
(568 SE2d 601)

ELLINGTON, Judge.
A Decatur County jury convicted Talmadge Perkins of robbery by sudden snatching, OCGA § 16-8-40 (a) (3). He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support the judgment of conviction. We affirm.

When reviewing the sufficiency of evidence to support a conviction on appeal, this Court views all evidence in the light most favorable to the jury's verdict and does not weigh the evidence or judge witness credibility. *Fowler v. State*, 246 Ga. App. 639, 640 (541 SE2d 447) (2000). The defendant is no longer presumed innocent. Id. This Court determines only whether the evidence presented was sufficient for a rational juror to find the defendant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

Viewed in this light, the evidence showed that on July 7, 2001, Perkins and co-defendant Ricky Williams went to the victim's mobile home in Attapulgus and asked to use her telephone. The victim let the boys inside, and she returned to the kitchen. Soon after, one of the boys grabbed her purse from the living room, and they both ran from the house. The purse contained approximately $10 to $20, a

ring, and the victim's Medicaid card. The victim yelled at the boys from her yard. At trial, two witnesses who knew Perkins testified that they saw the boys run in different directions from the victim's home and that Williams was carrying the purse.

After police officers arrived, the witnesses and the victim identified Perkins and Williams as the robbers. Officers arrested Perkins on July 13, 2001. Perkins told investigating officers that he had gone to the victim's house to use the phone. He claimed that, although he ran away, he did not take the purse. Perkins agreed to help the police look for the stolen purse in the woods, but they were unable to find it.

On appeal, Perkins claims that he cannot be guilty of robbery by sudden snatching because the purse was not taken from the victim's "immediate presence." Under OCGA § 16-8-40 (a) (3), a person commits this offense when, with intent to commit theft, he takes property of another from a person or the *immediate presence* of another by sudden snatching. This crime differs from theft by taking in that it requires that the victim be conscious of the theft before the taking is complete. *Burns v. State*, 245 Ga. App. 332 (537 SE2d 768) (2000); *Grant v. State*, 226 Ga. App. 506, 507 (486 SE2d 717) (1997) (victim's consciousness of theft at the time of taking is an essential element of robbery by sudden snatching); *McNearney v. State*, 210 Ga. App. 582, 583 (436 SE2d 585) (1993).

"[O]ne's immediate presence extends fairly far, and robbery convictions will generally be upheld, even if the object taken was out of the physical presence of the victim, if the object was under his control or his responsibility and if the victim was not too far distant." (Citations omitted.) *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994). Within this definition, a person may be deemed to protect all of his property "within a distance, not easily defined, over which the influence of the personal presence extends." (Citation and punctuation omitted.) Id.; see also *Welch v. State*, 235 Ga. 243, 246 (1) (219 SE2d 151) (1975) (immediate presence can be demonstrated even though property is more than 15 feet from victim at time of crime); *Meyers v. State*, 249 Ga. App. 248, 249 (547 SE2d 781) (2001) (the theft of a purse 30 feet away from the victim "was not too far afield to be outside [the victim's] immediate presence") (footnote omitted).

In this case, the victim testified that she was in the kitchen when the purse was stolen. The evidence showed that the purse was in the living room of the small, compact mobile home, which was approximately 12 feet wide. An investigator who responded to the incident stated that, according to what the victim told him immediately after the crime, she was less than six feet from the purse when it was taken. Furthermore, the evidence showed that the victim saw one of the boys pick up her purse and she began to yell at them. A

witness testified that he heard the victim crying and yelling at the boys as they ran away.

We find that the evidence presented was sufficient to authorize a rational trier of fact to find that the purse was within the victim's immediate presence when it was stolen. *Lawson v. State*, 224 Ga. App. 645, 646 (1) (481 SE2d 856) (1997); *Bryant v. State*, 213 Ga. App. at 303.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 10, 2002.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.