## A03A0343. WILLIAMS v. THE STATE.
### (584 SE2d 64)

MILLER, Judge.

Ricky Williams appeals from his conviction for robbery by sudden snatching. On appeal he contends that (1) the evidence was insufficient to sustain the conviction, (2) the trial court erred in denying his motion for mistrial, and (3) he did not voluntarily waive his right to testify. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Williams and his co-defendant went to the home of Rosa Lowe and requested to use the telephone. Lowe allowed the young men into her home, but instead of using the phone, one of the men snatched Lowe's purse (which contained approximately $20 and other valuables) and ran away with the other young man. At the time that the purse was taken, the victim was less than six feet from the purse. At trial, two witnesses testified that Williams was the one carrying the purse as the two boys ran from the victim's home.

Prior to the State's opening argument at trial, Williams's counsel (citing *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968)) raised a concern that the State might inappropriately introduce a statement of Williams's co-defendant, in which the co-defendant stated that Williams had taken the purse. The prosecutor responded that he would introduce the co-defendant's statement through an officer's testimony, but would make sure that the officer only referred to a "companion" taking the purse without mentioning Williams's name. Williams's counsel agreed with this procedure.

During the State's opening argument, the prosecutor mentioned that an officer who interviewed the co-defendant obtained a statement wherein the co-defendant admitted going to the victim's home with a "companion," and that the companion stole the purse. Following the State's opening argument, Williams's attorney moved for a mistrial, claiming that the State inappropriately introduced evidence of a co-defendant's statement that implicated his client in the robbery. The court denied the motion.

After the State rested its case, Williams's attorney, outside of the presence of the jury, questioned Williams about his decision not to

testify. Williams indicated that he was fully informed by his attorney about the benefits and drawbacks to testifying on his own behalf. Williams stated that he was not coerced in any way to avoid testifying and that the decision not to testify was his own.

The jury found Williams guilty of robbery, and following the denial of his motion for new trial, Williams appeals.

1. Williams contends that the evidence presented at trial was insufficient to sustain his conviction for robbery by sudden snatching. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here Williams admitted to police that he went to the victim's home. In addition, witnesses saw Williams and his co-defendant running away from the house with a purse in Williams's hand. The victim was less than six feet from the purse when the robbers took it. The jury was free to disbelieve Williams's statements to police indicating that he only went to the victim's home and ran away without taking the purse. The evidence sufficed to sustain the conviction. See OCGA § 16-8-40 (a) (3); *Perkins v. State*, 256 Ga. App. 449, 450-451 (568 SE2d 601) (2002).

2. Williams argues that the trial court erred in denying his motion for mistrial. Specifically, citing *Bruton v. United States*, supra, 391 U. S. at 123, he contends that the State's reference during opening argument to the co-defendant's statement, which showed that Williams took the purse, was tantamount to the improper introduction of such *evidence* that Williams had taken the purse. The court did not err.

Pretermitting the question of whether a *Bruton* challenge was even appropriate here (as no *evidence* was actually introduced), we hold that Williams waived any issue relating to the statement made during the State's opening argument because of his prior consent to the substance of the statement. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." (Citation and punctuation omitted.) *Payne v. State*, 273 Ga. 317, 319 (5) (540 SE2d 191) (2001). The trial court therefore did not abuse its discretion in denying Williams's motion for mistrial.

3. Williams claims that he is entitled to a new trial because he did not make a knowing waiver of his right to testify. However, the record reveals that Williams was fully informed about the benefits

and drawbacks to his testifying, and that Williams made his own informed decision not to testify. This enumeration is therefore without merit. See, e.g., *Maner v. State*, 221 Ga. App. 826 (1) (a) (472 SE2d 716) (1996); cf. *Stokes v. State*, 258 Ga. App. 840, 841 (1) (575 SE2d 651) (2002); *Avila-Nunez v. State*, 237 Ga. App. 649, 651 (1) (b) (516 SE2d 335) (1999).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 19, 2003.

*Rodney M. Keys*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.