A04A1047. CURRY v. THE STATE.
(603 SE2d 530)

ADAMS, Judge.

Terrell Curry appeals his felony conviction of robbery by sudden snatching. He admits he took money but contends that his crime was theft by taking, which in this case would have been a misdemeanor.

1. Curry first challenges the sufficiency of the evidence. "A person commits the offense of robbery when, with intent to commit theft, he

takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, . . . ; or (3) By sudden snatching." OCGA § 16-8-40 (a). The crime of robbery by sudden snatching "requires that the victim be conscious of the theft before the taking is complete." *Perkins v. State*, 256 Ga. App. 449, 450 (568 SE2d 601) (2002). Also, the victim must not be too far distant. Id.

Construed in favor of the verdict, the evidence shows that Curry entered a fast-food restaurant and ordered two items from Dawn Hughes. When she turned to fill his order, he leaned over the counter and began punching keys on the register. Zantavia Lester, another employee who was only a foot or so away, told Hughes what was happening. Hughes told Curry to stop, but instead he reached over the counter, pulled the cash drawer out, and fled. Curry was charged with taking a cash drawer "from the person and immediate presence of Zantavia Lester, by use of sudden snatching."

The evidence was sufficient to support the verdict, and there was no fatal variance with the indictment. Contrary to Curry's arguments, the victim need not own the property that was stolen. See *Snelling v. State*, 215 Ga. App. 263, 268 (2) (450 SE2d 299) (1994) (robbery is a crime against possession unaffected by the concept of ownership). The object taken need only have been under the control or responsibility of the victim. *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994). And Lester testified that part of her job includes protecting against such occurrences. Next, Lester was not too far distant for the crime of sudden snatching to be applicable. See *Perkins*, 256 Ga. App. at 450-451 (six feet is close enough). Finally, although there was testimony that the two women were turned around heading for the back of the store at the time of the snatching, Lester saw Curry take the drawer, and Hughes saw him "shake the cash drawer loose." Therefore, they were conscious of the taking before the act was complete. Id.

2. Curry contends that he lacked the mental capacity to commit the crime. But this issue was not properly raised below and is therefore not before us. See, e.g., *Cox v. State*, 216 Ga. App. 86, 87 (2) (453 SE2d 471) (1995). See also Uniform Superior Court Rule 31.4 (defendant to serve notice upon the State at least ten days before trial of his or her intention to assert any insanity, mental incompetence or mental illness allegedly suffered at the time of the acts with which he or she is charged).

3. Curry urges that the trial court erred by failing to grant his motion for new trial on the grounds that he presented evidence to show that his decision to not testify was involuntary. But the trial court questioned and informed Curry about his right to testify, following which Curry clearly declined the opportunity. At the hearing on the motion for new trial, Curry testified that his counsel

threatened not to ask him any questions if he chose to testify. But Curry's trial counsel denied Curry's version of events. "[T]he appellate court . . . does not weigh the evidence or determine witness credibility." *Jackson v. State*, 251 Ga. App. 578 (1) (554 SE2d 768) (2001). Trial counsel did testify that he told Curry that "if he did take the stand, I would have to bring . . . some concerns of mine to the attention of the judge prior to doing that, based on some concerns that I had of what he might say." But, this comment does not suggest a threat of any kind. Rather, it suggests that Curry may have presented his counsel with an ethical dilemma, in response to which counsel was advising his client of his ethical responsibilities. See *Ward v. State*, 242 Ga. App. 246, 249 (529 SE2d 378) (2000) (trial counsel properly informed judge of concern about defendant's testimony).

4. Curry also contends that his trial counsel was ineffective by (1) failing to interview witnesses, (2) failing to impeach witnesses, (3) pressuring Curry not to testify, and (4) failing to argue mental incapacity. The standard for assessing whether trial counsel rendered constitutionally effective assistance is set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under *Strickland*, a criminal defendant must show both that his counsel's performance was deficient and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different.

Curry testified at the new trial hearing that he told his counsel that he had taken the cash box, but he argued that the two women were not aware that he had done so, i.e., he was only guilty of theft by taking. He contends that his counsel should have questioned more restaurant witnesses to prove this point and further cross-examined Lester and Hughes to show inconsistencies in their testimony. But, "attorney's decisions on which witnesses to call, what evidence to introduce, how to conduct cross-examinations, and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel." (Footnote omitted.) *Ray v. State*, 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002).

In this case, counsel talked to Curry; met with the prosecutor; reviewed the prosecution's file, including interviews and witness statements; talked by telephone to the witnesses that were identified; and determined that there was no video of the incident. The difference between theft by taking and robbery by sudden snatching was the focus of his investigation and questioning. Furthermore, even Curry admits on appeal that his counsel cross-examined Lester and Hughes in an attempt to show that they were not aware of the taking. We find no ineffective assistance on this ground.

We have already determined that there was evidence to show that Curry's attorney did not pressure Curry into not testifying.

With regard to Curry's claim that his counsel failed to argue mental capacity, Curry's counsel did order a psychological examination of Curry early in the representation. The examination concluded that Curry was competent in all respects to go forward with trial, capable of understanding communications about the case, and capable of understanding the ramifications of his actions at the time of the incident. Based on this report, Curry's counsel concluded that he did not have sufficient grounds to raise an insanity defense. Curry has not introduced evidence to show that his counsel had sufficient other information to counter the conclusions in the report. We find no error.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 18, 2004.

*Sinnreich & Francisco, John R. Francisco, Elizabeth R. Francisco*, for appellant.

*Howard Z. Simms, District Attorney*, for appellee.