A10A0376. SWEET v. THE STATE.
(697 SE2d 246)

ADAMS, Judge.

A jury convicted Montrell Sweet of one count of robbery by sudden snatching, and he filed this appeal after the trial court denied his motion for new trial.[1] For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on January 9, 2002, Sweet entered a restaurant in Cobb County and walked to the counter. Sweet first told the cashier, Juanita Lopez, that he wanted to use the pay phone. Two other restaurant customers, Jerry Parham and a plainclothes police officer, Sergeant Joseph Bennett, noticed Sweet pacing back and forth, turning around to look around the restaurant and acting "real fidgety" for about five to ten minutes. Sweet then placed a take-out order and asked Lopez for a napkin. Lopez turned and walked ten to eleven feet to retrieve the napkin. While she had her back to Sweet, he reached over the counter, opened the cash register drawer and took a stack of bills. As she turned away from Sweet, Lopez heard the cash register drawer open and thought that Sweet was taking money. But she was afraid to confront Sweet by herself, so she waited to hear the cash register drawer close before turning back around and handing him the napkin. She saw Sweet's hand go into his right front pants pocket, and he left without waiting for his food. Parham saw Sweet take the money, and Bennett saw Sweet turn quickly and put something in his right pocket before hurrying out the door.

Lopez immediately called 911, and, noticing Bennett in the restaurant, yelled to him that Sweet had stolen money from the cash register. Bennett followed Sweet outside and saw him driving away. The sergeant reported the incident to the Smyrna Police Department and gave a description of Sweet's car. The Smyrna police stopped Sweet about one-half mile from the restaurant and found $160 in $20 bills in his right front pocket. Lopez and Parham identified Sweet as the man who took the money from the cash register.

Sweet admitted at trial that he had taken the money out of the cash register when Lopez turned to get him a napkin. He stated, however, that he did not use any force or threatening behavior to

---

[1] This was Sweet's second trial on this charge, after the first trial resulted in a mistrial.

take the money and did not touch Lopez at all.

In addition, the State presented similar transaction evidence of a prior incident in which Sweet and two accomplices entered a florist shop in Tifton. While one accomplice diverted the cashier's attention, Sweet opened the cash register drawer and took money out.

1. Sweet argues that the trial court erred in charging the jury on the element of immediate presence for a conviction of robbery by sudden snatching.[2] Under OCGA § 16-8-40 (a) (3), "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." The trial court gave the following charge on immediate presence:

> Immediate presence stretches very far. It is not that the taking must necessarily be from the contact of the body, but if it is from under the personal protection of a person.
>
> A person may be deemed to protect all things belonging to the individual, within a distance, over which the influence of the personal presence extends. Immediate presence includes a taking, even out of the physical presence of a victim, if what was taken was under his or her control or responsibility.

Sweet asserts that this charge omits a substantial component of the definition of immediate presence, i.e., that the victim must not be too far distant at the time of the robbery. He notes that this Court has found that property is taken from a person's "immediate presence" "even if it was out of the physical presence of the victim, if the object was under his control or his responsibility *and if the victim was not too far distant*." (Footnote omitted; emphasis supplied.) *King v. State*, 271 Ga. App. 384, 387-388 (2) (609 SE2d 725) (2005). Sweet argues that omitting the element of the victim's distance was prejudicial in his case because the jury could have concluded that it could convict Lopez only upon finding that she was in charge of the cash register. Sweet further argues that because this definition of "immediate presence" comes from cases involving armed robbery where the defendant was forcibly kept away from the property taken,[3] the language that immediate presence stretches very far should have no application in cases of robbery by sudden

---

[2] Sweet's trial took place in September 2002, before the July 1, 2007 effective date of OCGA § 17-8-58. See Ga. L. 2007, p. 595, § 5. Thus, Sweet preserved this argument for appeal by reserving objection to the jury charges after they were given. See *Gaither v. State*, 234 Ga. 465, 466 (2) (216 SE2d 324) (1975); OCGA § 5-5-24 (a).

[3] See, e.g., *Welch v. State*, 235 Ga. 243, 245 (1) (219 SE2d 151) (1975).

snatching. We find no error.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation and footnote omitted.) *Duprel v. State*, 301 Ga. App. 469, 473 (2) (a) (687 SE2d 863) (2009). In addition to the quoted charge on "immediate presence," the trial court instructed the jury that if the victim "becomes conscious, even in the taking, that her property is being taken away from her and this knowledge is obtained before the taking is complete, the offense of robbery is committed." Thus, "[t]he State must prove that the person was conscious of something being taken from her." The trial judge further charged the jury on the lesser included offense of theft by taking, noting that:

> The difference between robbery by sudden snatching and theft by taking is that in theft by taking, the property is taken without the knowledge of the victim; whereas, in robbery by sudden snatching, the victim must become aware, before the taking is complete, that the property is being taken away from her.

We find that the charge, when considered as a whole, correctly instructed the jury on the essential elements of robbery by snatching as opposed to theft by taking, and the jury was not likely to be misled under the circumstances of this case. Moreover, the element of immediate presence is common to all forms of robbery, OCGA § 16-8-40 (a), not just armed robbery, OCGA § 16-8-41 (a), and the definition relied upon by the trial court in the jury charge has been applied in cases of robbery by sudden snatching. See *Kendrick v. State*, 279 Ga. App. 263, 265 (1) (630 SE2d 863) (2006); *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994). Although these cases use the language that immediate presence stretches "fairly far" as opposed to "very far," this distinction was not sufficient to mislead the jury in the context of the entire charge. "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Citation, punctuation and footnote omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008).

2. Sweet also asserts that evidence was insufficient to convict him of robbery by snatching because the victim was not aware of the taking and the property was not in her immediate presence.

But the evidence showed that Lopez heard the sound of the drawer opening and suspected that Sweet was taking money from

the cash drawer. Because she did not want to confront him, she waited until she heard the drawer close before turning around, at which point she saw Sweet putting something into his pocket. Even though she did not see him take the money, she heard it, and this evidence authorized the jury to find that she was aware of the robbery before it was completed. See *Curry v. State*, 269 Ga. App. 170, 171 (1) (603 SE2d 530) (2004) (conviction for robbery by sudden snatching upheld where defendant placed order and grabbed cash drawer when cashier's back was turned to fill his order); *Moore v. State*, 265 Ga. App. 511, 512 (1) (594 SE2d 734) (2004) (evidence that victim heard noise near her shopping cart, turned around immediately, and saw defendant running away with her purse sufficient to show that she was aware of the crime as it was being committed).[4]

And although Lopez was somewhere within ten to eleven feet of the cash register where Sweet was taking the money, she was not too far to hear the cash drawer opening and to become aware of what was happening. Thus, the jury was authorized to conclude that the robbery occurred in her immediate presence. See *Kendrick v. State*, 279 Ga. App. at 265 (1) (upholding robbery by snatching conviction where victim watched from ten feet away as defendant took money bag from the counter); *King v. State*, 271 Ga. App. at 388 (2) (victim's undisputed awareness of the crime as it was being committed meant that the crime was unquestionably committed in her immediate presence); *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003) (robbery by sudden snatching conviction affirmed where victim less than six feet away).

In addition, Sweet admitted taking the money, which was later found in his possession; Parham witnessed the entire robbery; and Bennett saw Sweet stuffing something into his pocket before leaving the restaurant. We find, therefore, that the evidence was sufficient for the jury to convict Sweet of armed robbery by sudden snatching beyond a reasonable doubt.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 18, 2010.

*Gregory A. Hicks*, for appellant.

---

[4] Compare *Smith v. State*, 281 Ga. App. 91, 92 (1) (635 SE2d 385) (2006) (conviction for robbery by sudden snatching reversed where victim's first indication of robbery was uneasy feeling in seeing defendant run away after robbery); *Grant v. State*, 226 Ga. App. 506, 507 (486 SE2d 717) (1997) (conviction reversed where evidence showed that victims were unaware of the robbery until the defendants left the store and the crime was complete).

*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.