A03A1792. MOORE v. THE STATE.
(594 SE2d 734)

JOHNSON, Presiding Judge.

A jury found Robert Cornelius Moore guilty of robbery by sudden snatching. Moore appeals, alleging the evidence was insufficient to support his conviction, the trial court erred in failing to charge the jury on the lesser included offense of theft by taking, and the trial court erred in allowing the state to present evidence of Moore's demeanor at the time of his arrest. We find no error and affirm Moore's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim was in the "cooler section" of a grocery store. She had left her shopping cart parked in the center of the aisle, and her pocketbook was in the front of the shopping cart inside the child seat. The pocketbook contained the victim's money, identification, and checkbook. As the victim opened the freezer to retrieve a frozen pie, she heard a noise which sounded as if something had hit her buggy. She immediately turned around and saw a man with a striped, bright-colored shirt and a toboggan on his head running away with her purse. He was about eight to ten feet away and was running toward the back of the store with the victim's purse. The victim yelled, "lock the doors. He's got my purse."

After hearing the victim scream, the store managers immediately locked the front doors of the store, and one of them observed Moore run across the back aisle of the store and into the "motor

room." The managers placed a bar over the motor room door and called the police. After the police arrived and took custody of Moore, one of the managers went into the motor room and recovered Moore's shirt and stocking cap. The victim's wallet was wrapped inside the clothing.

The detective who arrested Moore testified that Moore was uncooperative, verbally combative, and smelled of alcohol. The detective found a K-Mart receipt with the victim's name on it, a photograph of children, and United States currency inside Moore's pocket.

According to Moore, he was walking down an aisle when he discovered a wallet with money hanging out. He admitted he picked up the wallet, opened it, and took the money inside. When he heard someone shout, he ran toward the back of the store and was locked in a room. Moore admitted he took off his shirt, hid the purse, and put the money in his pocket.

1. Moore contends the evidence was insufficient to support his conviction for robbery by sudden snatching, and the trial court should have granted his motion for a directed verdict, because there was no evidence which showed that the victim was conscious of the taking of her wallet prior to the taking being completed. We disagree.

OCGA § 16-8-40 (a) (3) provides that "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching."

> "In order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed."[1]

As in *Bryant*, where the victim saw the defendant take her purse from her shopping cart "no more than two feet away from her," the victim here heard a noise near her cart, turned around immediately, and saw Moore running away with her purse. This awareness of the crime as it was being committed distinguishes the facts here from

---

[1] (Citations omitted.) *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994).

those of *McNearney v. State*,[2] where this Court vacated a conviction for robbery by sudden snatching because the victim did not know her purse had been stolen until a witness informed her of the incident. The evidence in the present record clearly shows that the victim "became aware the [purse] was being stolen contemporaneous with the activity of taking and was unable to prevent it."[3]

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.[4] We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[5] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[6] We find that a rational trier of fact could find from the evidence adduced at trial proof of Moore's guilt of robbery by sudden snatching beyond a reasonable doubt, and the court's denial of Moore's motion for a directed verdict of acquittal was proper.[7]

2. Moore argues the trial court erred in failing to charge the jury on the lesser included offense of theft by taking. However, it is well established that a trial judge is justified in refusing to charge a lesser included offense when there is no evidence of the lesser included offense.[8] As noted in Division 1, Moore is incorrect in his assertion that the facts presented showed a lesser included offense of theft by taking. Here, the victim established that she was conscious that something was being taken from her. Therefore, the offense, if any, was robbery by sudden snatching.

Moreover, Moore's version of the events does not support a jury instruction for the lesser included offense of theft by taking. According to Moore, he found the lost wallet in a nearby aisle, and the victim was nowhere around. This testimony supported the lesser included offense of theft of lost or mislaid property, on which the trial court instructed the jury. The trial court did not err in refusing to charge the lesser included offense of theft by taking.

3. In his final enumeration of error, Moore contends the trial court erred in permitting the state to introduce evidence of his demeanor at the time of his arrest. Moore argues that this evidence

---

[2] 210 Ga. App. 582 (436 SE2d 585) (1993).
[3] *Crockett v. State*, 177 Ga. App. 92 (338 SE2d 538) (1985).
[4] *Tahantan v. State*, 260 Ga. App. 861 (581 SE2d 373) (2003).
[5] Id.
[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tahantan*, supra.
[7] See *Bryant*, supra; see generally *Crockett*, supra; see also *Anderson v. State*, 228 Ga. App. 617, 621 (492 SE2d 252) (1997).
[8] *King v. State*, 214 Ga. App. 311, 312 (2) (447 SE2d 645) (1994); *Bryant*, supra.

had no probative value and merely raised an improper inference as to his character. Moore specifically objects to the detective's testimony that he was uncooperative, verbally abusive, resisted arrest, tried to remove some items from his pocket, and smelled as if he had been drinking. We find no merit to Moore's argument.

The admission of evidence is committed to the sound discretion of the trial court, and this Court will not reverse a trial court's decision absent an abuse of discretion.[9] And, our Supreme Court has held that all circumstances connected with a defendant's arrest are considered proper evidence to be submitted to the jury and to be weighed by the jury for what they are worth.[10] This is true even if the defendant's character is incidentally placed in issue.[11] The trial court did not abuse its discretion in permitting the state to introduce evidence showing Moore's demeanor at the time of his arrest.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 11, 2004.

*Render M. Heard, Jr.*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.

---

[9] See *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000).
[10] See *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974); see also *Blaylock v. State*, 242 Ga. App. 195, 197 (529 SE2d 203) (2000).
[11] *Blaylock,* supra.