A07A0063. BETTIS v. THE STATE.
(647 SE2d 340)

ELLINGTON, Judge.

A Chatham County jury found Aubrey Bettis guilty beyond a reasonable doubt of robbery by sudden snatching, OCGA § 16-8-40 (a) (3). He appeals from the denial of his motion for new trial, contending the trial court erred in admitting certain evidence and in failing to charge the jury on a lesser included offense. Finding no error, we affirm.

The record shows the following undisputed facts. On July 29, 2004, Bettis went to the office of Paper Stock Dealers, where the victim worked. The victim knew Bettis because he had previously been to the office several times. While in the office, Bettis spoke to another employee about money that he claimed the business owed him. As Bettis was leaving the office, he took a petty cash box off of the victim's desk. The petty cash box contained approximately $235. The victim was at her desk at the time and saw Bettis moving toward the door with the box. She reached across the desk to try to grab him but could not reach him. The victim yelled out that Bettis was stealing the box, but was unable to stop him before he got through the door. Another employee saw Bettis run through the parking lot with the box and get in a car. The employee got the tag number from the car, and someone in the office called the police. The victim told police that Bettis was the robber.

Bettis testified at trial and admitted that he took the petty cash box from the victim's desk while she was sitting at the desk and that he left with the box. He claimed he took the cash because the business owed him money.

1. On appeal, Bettis claims the trial court erred in admitting a spontaneous remark he made when a police officer served the arrest warrant for robbery. The record shows that, when Bettis learned that he was being charged with robbery, he asked, "That was a robbery?" Bettis argues that his question should not have been admitted because it was not an admission to the robbery or an incriminating statement.

The record shows that, during opening statements, the prosecutor told the jury that, when the officer served Bettis with the arrest warrant, the officer said, "this is for the cash box that you took from Paper Stock Dealers, and [Bettis'] statement to [the officer] was, 'Oh,

you mean that's a robbery?' And so that was the statement [Bettis] gave to the police at that time." Bettis' counsel did not object to the prosecutor's opening statement. Then, during Bettis' opening statement, his counsel acknowledged that, when Bettis was arrested, "he said, 'That was a robbery?' [Bettis] said that. That's not at issue."

Following opening statements and outside the presence of jurors, the trial court asked whether he should conduct a *Jackson-Denno*[1] hearing on the admissibility of Bettis' remark. During the discussion, Bettis' counsel did not challenge the admissibility of the officer's testimony about the remark, but simply stated that he wanted to ensure that the officer used the proper inflection to show that Bettis was asking a question, not making a statement. Even so, out of an abundance of caution, the trial court conducted a *Jackson-Denno* hearing. During the hearing, trial counsel moved for a mistrial, contending that the prosecutor improperly told the jury about Bettis' remark and arguing that the remark was inadmissible because Bettis was in custody when he made it and the remark was a question, not a statement. The trial court denied the motion for mistrial. The court also ruled that the remark was admissible after finding that it was not a result of police interrogation. Bettis did not ask for a curative instruction.

Later, during the officer's testimony, the officer testified about Bettis' spontaneous question when presented with the arrest warrant for stealing the cash box, and Bettis' counsel did not object. Further, during closing arguments, the prosecutor twice referred to Bettis' question without objection by defense counsel.

As noted above, on appeal, Bettis argues his spontaneous remark was inadmissible because it was a question, not an admission to the robbery or an incriminating statement. It is well established, however, that voluntary, spontaneous outbursts by an accused that are not made in response to custodial questioning or interrogation are admissible at trial. *Pinckney v. State*, 259 Ga. App. 316, 318 (1) (a) (576 SE2d 677) (2003). We are not aware of any case that distinguishes between outbursts that are framed as questions and those that are statements, and Bettis has cited to no authority to support his argument.

Moreover, the record shows that Bettis' motion for mistrial was untimely and any objection to the admission of Bettis' question was waived. *Simmons v. State*, 281 Ga. 437, 438 (4) (637 SE2d 709) (2006) (failure to make a contemporaneous objection waived appellate review of allegedly improper statements by prosecutor); *Bridges v. State*, 279 Ga. 351, 356 (9) (613 SE2d 621) (2005) (failure to make a

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

contemporaneous objection waived appellate review of alleged error in admitting certain evidence); *Gilliam v. State*, 240 Ga. App. 158, 159 (1) (522 SE2d 766) (1999) ("To preserve a motion for mistrial for appellate review, the motion must be made contemporaneously with the objectionable testimony.") (citations omitted).

2. Bettis claims the trial court erred in allowing the prosecutor to show a booking photo of Bettis to the victim and an officer during direct examination. He argues that identity was not an issue at trial and that some of the jurors apparently were able to see the photo. Therefore, he contends the photo impermissibly injected his character into evidence.

The record shows that the prosecutor showed the photo to the victim and the officer, but did not publish the photo to the jury.[2] The prosecutor also did not identify the photo as a mug shot or otherwise use it to show that Bettis had a prior criminal history. As Bettis admits, his trial counsel did not object to the use of the photo during the State's case-in-chief.

Pretermitting whether counsel's failure to object waived any error,[3] this Court has held that admission of a mug shot of the defendant does not indicate that he has been previously convicted of a crime and does not place his character in issue and, therefore, is not error. *Simmons v. State*, 186 Ga. App. 886, 888 (4) (369 SE2d 36) (1988); *Dorsey v. State*, 183 Ga. App. 409 (1) (359 SE2d 195) (1987). Consequently, this enumeration lacks merit.

3. Bettis contends the trial court erred in refusing to give a requested jury instruction on the lesser included offense of theft by taking, OCGA § 16-8-2. Bettis argues that there was some evidence that the victim did not see him pick up the petty cash box. He argues, therefore, that the victim was not aware of the theft until it was complete. As a result, he claims he was guilty of, at most, the lesser included offense of misdemeanor theft by taking.

Under OCGA § 16-8-2, a "person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." In contrast, under OCGA § 16-8-40 (a) (3), a "person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden

---

[2] The photo was not admitted into evidence. The transcript shows, however, that at least one of the jurors saw the photo during trial, and the jury sent a question to the trial court about the photo. During a break in deliberations, the trial court specifically instructed the jurors to disregard the photo.

[3] See *Bridges v. State*, 279 Ga. at 356 (9) (failure to contemporaneously object to evidence waives error on appeal).

snatching." Robbery by sudden snatching differs from theft by taking because the robbery offense requires proof of two additional elements: the thief must take the property from the victim's immediate presence, and the victim must be conscious of the theft at the time it is committed, in other words, before the taking is complete. *Moore v. State*, 265 Ga. App. 511, 512 (1) (594 SE2d 734) (2004). If the undisputed evidence shows that the victim realized the property was being taken away from her immediate presence while the theft was being committed, the offense was robbery, not theft by taking. Id. at 513 (2).

In this case, Bettis testified that, when he picked up the cash box, the victim "wasn't looking."[4] Even if the victim did not actually see Bettis pick up the box, however, it is undisputed that the victim saw Bettis moving toward the door with the box and yelled out that he was stealing it, but she was unable to stop him before he got outside and escaped. Therefore, the undisputed facts in this case show that the victim was conscious of the crime as it was being committed.

The facts of this case are similar to those in *Moore v. State*, 265 Ga. App. at 513 (2). In *Moore*, the victim heard a noise near her shopping cart, turned around immediately, and saw the defendant running away with her purse. Id. at 513 (1). This Court held that, because the victim was conscious of the crime as it was being committed, the offense in that case, if any, was robbery by sudden snatching, so there was no evidence to support a jury charge on theft by taking as a lesser included offense. Id. at 513 (2) ("a trial judge is justified in refusing to charge a lesser included offense when there is no evidence of the lesser included offense") (footnote omitted). For the same reasons, the trial court in this case did not err in refusing to charge the jury on theft by taking as a lesser included offense. Cf. *McNearney v. State*, 210 Ga. App. 582, 582-583 (436 SE2d 585) (1993) (defendant was not guilty of robbery by sudden snatching because the victim was not aware that her purse had been stolen out of her shopping cart until a bystander alerted her to the crime).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 4, 2007 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

*Davis Cohen*, for appellant.

---

[4] Notably, the victim specifically testified that she saw Bettis pick up the cash box and run out the door with it.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.