## A07A2410. LAWRENCE v. THE STATE.
(657 SE2d 250)

MILLER, Judge.

Harold Lawrence appeals from a denial of his motion for a new trial on charges of armed robbery and aggravated assault, asserting error by the trial court in denying his motion for a mistrial and in failing to merge his convictions for sentencing purposes. Lawrence further alleges that the evidence was insufficient to support the verdict. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555

---

[9] *Rogers v. State*, 253 Ga. App. 863, 864 (1) (560 SE2d 742) (2002) (citation and punctuation omitted).

[10] Id.

[11] Id.

SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows on the evening of November 25, 2002, Nita Joshi observed Lawrence and a co-defendant loitering in her convenience store, and asked them to leave. Shortly thereafter, Lawrence re-entered the store alone, loitered, and made no purchase. After she closed the store that night, Joshi was robbed and assaulted with a crowbar by a masked man in the store's parking lot, as she attempted to enter her automobile.

Upon responding to Joshi's report of the incident, police officers observed footprints on a trail leading into a wooded area behind the store. They brought in trained police dogs, who tracked a scent they detected from the footprints to a residence on Baxter Lane. There, the police observed Lawrence and two other men sitting in a garage located behind the residence. Joshi had told police that her assailant wore a mask, but through an opening in the mask she had seen that the man was Caucasian. Lawrence was the only Caucasian person present. Even though the weather was cold, both Lawrence and another man were dressed only in white t-shirts and pants. The police found two dark jackets and a crowbar in the backyard of the residence. Blood, which police later determined was Joshi's, was found on one end of the crowbar, and a Wal-Mart receipt evidencing the purchase of the crowbar was found in the pocket of one of the jackets. The receipt indicated that the tool had been purchased at a nearby Wal-Mart at 2:59 on the previous morning. Using that information, police obtained the surveillance videotapes from that Wal-Mart location for that particular date and time. Those videos showed a man resembling Lawrence, wearing a jacket identical to the one in which the receipt had been found, entering the store, walking to the aisle where crowbars were located, and exiting the store holding a crowbar.

The investigating officer testified that when he questioned Lawrence following his arrest, Lawrence asked about the sentence he could receive for the crimes charged, and stated, "I know what I did was messed up and wrong, but I'm not trying to do any time. I gotta habit of being in the wrong place at the wrong time and doing something stupid. I just want to sleep on it before I give you a full confession." Lawrence never made a formal, written confession. He was subsequently charged with a single count each of armed robbery and aggravated assault.

Following a lunch recess during the trial, defense counsel and the prosecutor reported to the trial judge that as they entered the courtroom, they had seen a juror speaking with Joshi. The trial court

questioned the juror outside the presence of the remaining members of the jury, and determined that she had asked to examine the injuries Joshi sustained on her hand and head during the robbery. The trial court dismissed this juror, replacing her with an alternate. Defense counsel moved for a mistrial, which was denied by the trial court.

The jury convicted Lawrence on both counts, and he then filed a motion for a new trial. Following a hearing on that motion, the trial court upheld Lawrence's conviction of armed robbery but set aside his conviction of aggravated assault, finding that the offenses merged as a matter of law. This appeal followed.

1. Lawrence first argues that the trial court erred in denying his motion for a mistrial, citing the trial court's failure to determine whether the dismissed juror had impermissibly influenced other members of the jury by relating to them any information she had learned during her conversation with Joshi. We disagree.

Juror misconduct does not always necessitate a mistrial, and the trial judge's decision as to the grant or denial of a mistrial in such cases will not be reversed absent an abuse of discretion. *Cleveland v. State*, 192 Ga. App. 659, 661-662 (2) (386 SE2d 169) (1989). In reviewing that decision, our inquiry focuses on whether there is "a reasonable probability that the misconduct contributed to the conviction." *Merritt v. State*, 248 Ga. App. 709, 711 (1) (548 SE2d 427) (2001). See also *Huff v. State*, 239 Ga. App. 83, 87 (3) (519 SE2d 263) (1999) ("Our inquiry then must be directed to whether this error is so inherently prejudicial as to require a new trial, or whether it is an immaterial irregularity without opportunity for injury."). While "individual questioning of jurors is an acceptable means of rebutting a presumption of harm[,]" it is not required whenever there is an allegation of misconduct. (Footnote omitted.) *Merritt*, supra, 248 Ga. App. at 711. Rather, when the facts of the alleged misconduct are "established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." *Huff*, supra, 239 Ga. App. at 87 (3).

Here, the facts showed that the dismissed juror had examined the injuries Joshi received during the robbery. There was no evidence that she discussed those injuries with, or presented any other extrajudicial information to, any of the other jurors. Nor does it appear that Lawrence presented any such evidence at the hearing on his new trial motion.[1] Moreover, the record reveals that the trial court dismissed the juror within minutes after her inappropriate contact with Joshi, and it does not appear that she had much, if any, opportunity to

---

[1] The transcript of the motion for new trial hearing was not included in the record on appeal.

discuss that contact with the remaining members of the jury. Under these facts, and given the evidence introduced against Lawrence at trial, we find no reasonable probability that the juror misconduct at issue contributed to the guilty verdict entered in this case. Accordingly, the trial court did not err in denying Lawrence's motion for a new trial.

2. In light of the fact that the trial court set aside Lawrence's conviction for aggravated assault, his assertion that the trial court erred in failing to merge his convictions for sentencing purposes is without merit.

3. Nor do we find any merit in Lawrence's final enumeration of error, that the State failed to prove beyond a reasonable doubt that he was the individual who committed the armed robbery.

The evidence presented showed that Lawrence had been in Joshi's store twice on the night she was robbed by a masked Caucasian male wielding a crowbar. Trained police dogs followed a scent from a trail immediately behind the store to the residence where Lawrence was located. Lawrence was the only Caucasian person at that location. In the backyard of that residence, police officers found a crowbar with Joshi's blood on it and a jacket whose pocket contained a receipt evidencing the purchase of a crowbar. Surveillance videotape from the location where that purchase was made supported the conclusion that Lawrence was the person who purchased the crowbar. Finally, Lawrence made a voluntary statement to the police which the jury could easily have interpreted as a confession. Particularly when construed in favor of the verdict, this evidence was sufficient to support the jury's conclusion that Lawrence was the man who robbed Joshi with a crowbar.

For the foregoing reasons, we affirm the trial court's denial of Lawrence's motion for a new trial.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 9, 2008.

*Merritt & Grinstead, Chestley N. Merritt*, for appellant.
*Tom Durden, District Attorney*, for appellee.