## A11A0103. BROWN v. THE STATE.
(710 SE2d 674)

MIKELL, Judge.

Larry Brown was found guilty by a jury of robbery by sudden snatching, a violation of OCGA § 16-8-40 (a) (3), and was sentenced to 20 years in prison. Following a hearing, the trial court denied Brown's motion for new trial. Brown appeals, challenging the sufficiency of the evidence and enumerating other errors. For the reasons set forth below, we affirm.

1. In separate enumerations, Brown contends that the evidence was insufficient to support his conviction and that the trial court

erred in denying his motion for directed verdict of acquittal. We address these enumerations together, because "[i]n reviewing the denial of a directed verdict of acquittal, we employ the same test used to determine sufficiency of the evidence."[1] Applying that standard, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[2] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt.[3] Moreover, "conflicts in the testimony of witnesses, including the [s]tate's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld."[4]

Properly viewed, the evidence adduced at trial shows that Larry Ceminsky was shopping at a Walmart in Cobb County on February 20, 2008, when he walked away from his shopping cart to get dog food. He realized that he had left his wallet in his cart and came back to it "real quickly." As he turned the corner, he saw Brown at his cart, approximately six feet away. Brown "was moving the cart and picked up the wallet." Ceminsky testified that he was aware that Brown was stealing his wallet as it happened. He yelled at Brown, "You don't want to do that, put it down, leave it there." Brown ran toward the store exit, and Ceminsky ran after him. Ceminsky shouted at the Walmart greeter stationed there, "stop that man, he stole my wallet." With Ceminsky and the greeter in pursuit, Brown ran outside the store and dropped the wallet. He ran to his car, a blue Cutlass, and drove south on Cobb Parkway. He was apprehended shortly thereafter.

OCGA § 16-8-40 (a) (3) provides that a person "commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." Brown contends that the evidence showed at most his guilt of the lesser offense of theft by taking,[5] because the state failed to prove that he took the wallet by force from Ceminsky's "immediate presence"; that the victim was

---

[1] *Fluellen v. State*, 284 Ga. App. 584 (644 SE2d 486) (2007) (whole court), citing *Joyner v. State*, 280 Ga. 37, 38 (1) (622 SE2d 319) (2005).

[2] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[3] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Punctuation omitted.) *Williams v. State*, 287 Ga. 199, 200 (695 SE2d 246) (2010), citing *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[5] OCGA § 16-8-2 ("A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated").

conscious of the theft at the time it occurred; and that the victim became aware of the theft prior to its occurrence. This contention is without merit.

Citing *Franklin v. State*,[6] Brown asserts that the state failed to prove the element of force, because the evidence showed that Brown made no aggressive move toward the victim. *Franklin*, however, did not turn on the lack of evidence of force; instead, the evidence in that case showed that the victim, because he was unconscious, was not aware of the taking as it occurred.[7] As this Court explained in *Kendrick v. State*,[8] "[f]orce is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to his possession."[9] In the case at bar, the wallet was taken from the victim's cart while the victim was nearby. This evidence was sufficient to show the force necessary as an element of the crime of robbery by sudden snatching.[10]

Brown cites *McNearney v. State*[11] in support of his contention that the evidence failed to show that the wallet was taken from the victim's "immediate presence," as required by OCGA § 16-8-40 (a). Brown's reliance on *McNearney* is misplaced. There, the victim was unaware that her purse had been stolen until a witness alerted her to the theft, by which time the defendant had driven away; for this reason, the defendant's conviction for robbery by sudden snatching could not stand.[12] The case now before us, however, is distinguished from *McNearney* by the fact that Ceminsky saw Brown take his wallet from his cart only six feet away.[13] Moreover, the "immediate presence" of the victim "stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant,"[14] as where a store owner ten feet away saw

---

[6] 286 Ga. App. 288 (648 SE2d 746) (2007).

[7] Id. at 290 (1).

[8] 279 Ga. App. 263 (630 SE2d 863) (2006).

[9] Id. at 264-265 (1).

[10] See *Kendrick*, supra at 265 (1) (sufficient force shown where victim was ten feet away when he saw defendant take money bag); *Lawson v. State*, 224 Ga. App. 645, 646 (1) (481 SE2d 856) (1997) (defendant took bag from victim's car while victim stood beside car); *Bryant v. State*, 213 Ga. App. 301, 302-303 (444 SE2d 391) (1994) (victim turned her back on her grocery cart but turned around in time to see defendant taking her purse).

[11] 210 Ga. App. 582 (436 SE2d 585) (1993).

[12] Id. at 582-583, 584.

[13] See *Moore v. State*, 265 Ga. App. 511, 512-513 (1) (594 SE2d 734) (2004) (conviction for robbery by sudden snatching affirmed where victim heard a noise and turned around to see defendant running toward back of store with her purse).

[14] (Citation and punctuation omitted.) *Kendrick*, supra at 264 (1).

the defendant take a money bag.[15] Here, the evidence was sufficient to show that the wallet was taken from the victim's "immediate presence" and that the victim was conscious of the robbery as it occurred.[16]

Contrary to Brown's contention, the victim of a robbery by sudden snatching need not become aware of the taking *prior to* the taking. It is sufficient if the evidence shows, as it does here, that the victim became aware of the taking as the crime was being committed.[17] We conclude that the evidence adduced at trial was sufficient to authorize the jury to find Brown guilty of robbery by sudden snatching beyond a reasonable doubt.[18]

2. Brown contends that the trial court erred in failing to give a requested jury instruction on the lesser included offense of theft by taking and on the definition of forcible felony. We find no error.

(a) Brown argues that the victim's testimony was in conflict as to whether he actually saw Brown take the wallet from the cart. Brown contends, therefore, that the victim was not aware of the theft until it was complete; and as a result, Brown claims that he was at most guilty of the lesser included offense of theft by taking. This argument fails.

As this Court explained in *Bettis*,[19]

[r]obbery by sudden snatching differs from theft by taking because the robbery offense requires proof of two additional elements: the thief must take the property from the victim's immediate presence, and the victim must be conscious of the theft at the time it is committed, in other words, before the taking is complete.[20]

Even if Ceminsky did not actually see Brown pick up the wallet, it is undisputed that when he saw Brown running toward the exit with the wallet, he gave chase but was unable to stop him. Thus, as we concluded in Division 1 above, the evidence shows that Ceminsky was conscious of the crime as it was being committed. The facts of

---

[15] Id. at 265 (1).

[16] See *Sweet v. State*, 304 Ga. App. 474, 477 (2) (697 SE2d 246) (2010) (robbery was in victim's "immediate presence" where victim was ten feet away with her back turned); *Moore*, supra at 511 (victim, ten feet away, turned to see defendant running off with her purse); *Perkins v. State*, 256 Ga. App. 449, 450 (568 SE2d 601) (2002) (victim saw her purse taken from another room, about six feet away).

[17] See *Moore*, supra at 513 (1). Accord *Bettis v. State*, 285 Ga. App. 643, 646 (3) (647 SE2d 340) (2007).

[18] See *Sweet*, supra.

[19] Supra.

[20] Id., citing *Moore*, supra at 512 (1).

this case are similar to those in *Moore*.[21] There, the victim did not see the defendant pick up her purse, but she turned around in time to see him running away with it, and thus she was aware of the crime as it was being committed.[22] Accordingly, we ruled that the offense, if any, was robbery by sudden snatching, so there was no evidence to support a jury charge on theft by taking as a lesser included offense.[23] Similarly, in this case the evidence did not support a charge on theft by taking as a lesser included offense.[24]

(b) Brown asserts error in the trial court's denial of his request to give the following charge on the definition of a forcible felony: "A forcible felony means any felony which involves the use or threat of physical force or violence against any person." The trial court did, however, give the pattern charge on robbery by sudden snatching. As this charge covers the principle of law in the requested charge, there was no error. "A trial court is not required to instruct the jury in the exact language of a requested charge, and when the principle of law is covered in another charge, that is sufficient."[25] Because the jury convicted Brown based on a proper instruction as to how the crime of robbery by sudden snatching may be committed, we find no reversible error resulted from the trial court's failure to give the charge requested by Brown.[26]

3. Brown contends that the trial court erred in denying his motion for mistrial after one of the jurors made improper comments. We disagree.

After the jury had been selected, but before opening statements, the deputy reported, out of the presence of the jury, the following: as an unidentified prospective juror (who had not been selected) was leaving the building, she told the deputy that she had overheard Madeleine Lowry, one of the selected jurors, say something like "it's going to be for sure guilty" or "I think this will be quick because he's guilty," while speaking to an unknown party on the phone. Brown's counsel immediately moved for a mistrial. Lowry was called in and questioned by the court and by counsel for both sides, outside the presence of the remaining members of the jury. She first denied making the statement, but, as the trial court noted, later she

---

[21] Supra.

[22] Id.

[23] Id. at 513 (2).

[24] See *Byrd v. State*, 171 Ga. App. 344, 345 (2) (319 SE2d 460) (1984). Accord *Lawson*, supra at 646 (1).

[25] (Punctuation and footnote omitted.) *Kirk v. State*, 271 Ga. App. 640, 645-646 (4) (610 SE2d 604) (2005) (no error to deny request to charge on force required for armed robbery).

[26] See *Kilpatrick v. State*, 274 Ga. App. 645-646 (618 SE2d 719) (2005) (in trial for robbery by intimidation, no error to deny request to charge jury that intimidation involves apprehension of life or limb).

"danced around what she said." She admitted that during a break she had spoken on the phone within earshot of other potential jurors, but she stated that she had not talked to any of the other jurors about the case and she asserted that she could still be fair and impartial.

The judge dismissed Lowry from further jury service and replaced her with an alternate. After hearing argument from counsel, the trial court determined that it would question the jurors collectively; if any of the jurors acknowledged overhearing any statement about the case made by Lowry, the court would then question each of those jurors individually. The jury was brought in and the judge asked them to raise their hand if any juror had overheard any comment that Lowry, the dismissed juror, had made "in reference to anything about this case." When no member of the jury raised a hand, the court instructed the jury that they were to keep an open mind, reach no conclusions about the case until the trial was over, and discuss the case with no one on or off the jury. The court denied the defense motion for mistrial, and the trial went forward.

Brown now complains that his counsel was not given the opportunity to examine the jurors individually. However, the record reflects that counsel never made any such request, so appellate review of this alleged error was waived.[27]

As to the trial court's denial of Brown's motion for mistrial, "[t]he decision whether any unauthorized statement, communicated to the jury either individually or as a group, is so prejudicial as to warrant a mistrial is in the discretion of the trial court."[28] As we explained in *Sims v. State*,[29]

> [t]here is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. However, a jury verdict will not be upset solely because of such conduct, unless the statements are so prejudicial that the verdict must be deemed inherently lacking in due process.[30]

Thus, "our inquiry focuses on whether there is a reasonable prob-

---

[27] See *Smith v. State*, 284 Ga. 304, 308-309 (4) (667 SE2d 65) (2008) (failure to request substitution of offending juror waived any error).

[28] (Citation omitted.) *Cooke v. State*, 230 Ga. App. 326, 327 (496 SE2d 337) (1998). Accord *Mullins v. State*, 241 Ga. App. 553, 556 (2) (525 SE2d 770) (1999) (whole court) (jury misconduct was so prejudicial as to warrant mistrial).

[29] 266 Ga. 417 (467 SE2d 574) (1996).

[30] (Citations and punctuation omitted.) Id. at 419 (3).

ability that the misconduct contributed to the conviction."[31] In determining whether the trial court abused its discretion in denying the motion for mistrial, we consider the circumstances of the case, "includ[ing] the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety."[32]

Examining the surrounding circumstances in their totality, we conclude that the trial court did not abuse its discretion in this case by denying Brown's motion for mistrial. Here, as in *Lawrence*,[33] the juror's improper behavior was brought to the court's attention immediately after it occurred, that is, immediately after the jury was selected. Upon learning of the improper behavior, the trial court examined the offending juror without delay and subsequently dismissed her from the jury. The remaining jurors were then examined and indicated by their response to the court's question that they had not overheard any comments on the case by the offending juror. Thus, even though the alleged improper comment involved the ultimate issue in the case,[34] the record reflects no evidence that the jury was tainted or that Brown was harmed by Lowry's misconduct. In light of the overwhelming evidence adduced against Brown, we conclude that there is no reasonable probability that the dismissed juror's misconduct contributed to the verdict.

4. Brown asserts that the trial court erred in denying his claim of ineffective assistance of counsel. Brown asserts that his counsel's performance was deficient because he failed to object on grounds of relevancy to evidence concerning a partially-empty bottle of vodka found in Brown's car upon his arrest. We find no error.

In order to prevail on a claim of ineffective assistance, Brown must meet the two-part test set forth in *Strickland v. Washington*:[35] he must show both that trial counsel's performance was deficient and that the deficient performance so prejudiced him that a reasonable likelihood exists that, but for counsel's unprofessional errors, the outcome of the trial would have been different.[36] Failure to satisfy either component of this test is fatal to an ineffectiveness claim.[37]

---

[31] (Punctuation omitted.) *Lawrence v. State*, 289 Ga. App. 163, 165 (1) (657 SE2d 250) (2008), citing *Merritt v. State*, 248 Ga. App. 709, 711 (1) (548 SE2d 427) (2001), and *Huff v. State*, 239 Ga. App. 83, 87-88 (3) (519 SE2d 263) (1999).

[32] (Citation and punctuation omitted.) *Cooke*, supra.

[33] Supra.

[34] Compare *Mullins*, supra (jurors' misconduct involved statement that defendant was guilty).

[35] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[36] *Nichols v. State*, 288 Ga. App. 118, 120 (3) (653 SE2d 300) (2007). Accord *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009).

[37] *Massey v. State*, 306 Ga. App. 180, 184 (4) (702 SE2d 34) (2010).

Moreover, the court need not address both components if the defendant has made an insufficient showing on one of them.[38] We defer to the trial court's factual findings on an ineffectiveness claim unless they are clearly erroneous, while "we independently apply the legal principles to the facts."[39] Further, "we will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result."[40]

The arresting officer, Officer Waldrep of the Marietta Police Department, testified that shortly after he received a lookout for a vehicle in connection with the Walmart incident, he stopped the vehicle driven by Brown. Waldrep testified on direct, without objection, that he observed a partially-empty bottle of vodka on the passenger seat of the car. The state then attempted to admit a photograph of the bottle of vodka, but Brown's trial counsel objected to the photograph on grounds of relevancy, and the objection was sustained. Waldrep also testified that Brown showed certain signs of intoxication upon exiting his car. On cross-examination, Brown's counsel questioned Waldrep as to why the officer did not ask Brown to perform field sobriety evaluations at the stop, even though Brown had been driving and the officer found the vodka bottle in the car. On redirect, the state re-tendered the photograph of the vodka bottle, and it was admitted into evidence without further objection from Brown's counsel. At the hearing on the motion for new trial, Romin Alivi, Brown's counsel, a criminal lawyer of nine years' experience, admitted that this evidence was not relevant.

Even assuming that Brown's counsel was deficient in failing to object to the evidence concerning the vodka bottle found in Brown's car, Brown has not shown a reasonable likelihood that, but for counsel's error, the outcome of the trial would have been different. Given the overwhelming evidence in this case, it is highly likely that the evidence concerning the vodka bottle did not contribute to the guilty verdict and was therefore harmless.[41]

---

[38] *Duvall v. State*, 273 Ga. App. 143, 145 (3) (614 SE2d 234) (2005). Accord *Higginbotham v. State*, 287 Ga. 187, 190 (5) (695 SE2d 210) (2010).

[39] (Citation and punctuation omitted.) *Carey v. State*, 281 Ga. App. 816, 818 (2) (637 SE2d 757) (2006).

[40] (Punctuation and footnote omitted.) *Nichols*, supra at 121 (3). Accord *Miller*, supra at 285.

[41] See *Brumelow v. State*, 239 Ga. App. 119, 123 (5) (520 SE2d 776) (1999) (no prejudice shown in trial on home invasion robbery charges where detective testified to contraband found in defendant's possession upon arrest). Accord *Opio v. State*, 283 Ga. App. 894, 898 (1) (c) (642 SE2d 906) (2007) ("given the overwhelming evidence in this case, even if counsel had successfully moved to exclude the officer's testimony based on relevancy, Opio has not shown

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED MAY 6, 2011.

*Gina A. Smalley*, for appellant.
*Patrick H. Head, District Attorney, Albert T. Reeves, Jr., Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

a reasonable likelihood that the outcome of the trial would have been different") (citation omitted). Accord *Parker v. State*, 281 Ga. 490, 493-494 (3) (d) (640 SE2d 44) (2007) (no reasonable likelihood that successful exclusion of evidence of defendant's bad character would have changed outcome of trial).