**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 6, 2014**

# In the Court of Appeals of Georgia

A13A2070. COPELAND v. THE STATE.

MᴄMɪʟʟɪᴀɴ, Judge.

Calvin Copeland was found guilty by a jury of robbery by sudden snatching (OCGA § 16-8-40 (a) (3)) and simple battery (OCGA § 16-5-23 (a) (2)). Following a hearing, the trial court denied Copeland's motion for new trial. Copeland appeals, asserting the following enumerations of error: (1) the trial court erred in denying his motion to suppress his pre-trial identification, (2) the trial court incorrectly denied his request to charge the jury on the lesser included offense of theft by taking, and (3) the trial court failed to properly exercise its discretion in considering the general grounds asserted in his motion for new trial. For the reasons set forth below, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Wallace v. State*, 294 Ga. App. 159 (1) (669 SE2d 400)

(2008). So viewed, the evidence showed that around 7:15 p.m. on January 20, 2010, 72-year-old Bettie Renfro and her 74-year-old husband, Dewey Renfro, arrived at the Austin Avenue Baptist Church in Marietta, Georgia for the regular Wednesday evening service. The pastor of the church and his wife, Arthur and Gail Reese, arrived at approximately the same time. As the four individuals met up in the well-lit parking lot, they noticed a man walking up the street and briefly greeted him. The man was wearing white pants, a striped knit top, and carrying two fishing poles. The two couples then walked up the ramp to the front door of the church. As the pastor's wife unlocked the door, the man walked up the steps and grabbed Mrs. Renfro's purse. Mrs. Renfro was carrying her purse on her shoulder, and as the man grabbed it, the purse slid down her arm, and she tried to hold on to it. Mrs. Renfro testified at trial that this struggle "hurt [her] arm and [her] hand real bad, but [she] just tried to hold on as tight as [she] could."

Mr. Renfro, who had walked up the ramp directly behind his wife, chased after the man. When Mr. Renfro yelled, "If you don't stop, I am going to shoot you," the man dropped the purse and ran off but did not drop the fishing poles. Mr. Renfro retrieved the purse, and Mr. Reese drove and picked him up. Mrs. Reese called the police, and City of Marietta Police Officer Gowerek arrived soon after. The officer

2

received a description of the purse-snatcher and drove in the direction in which the man fled. He soon came up on a male in white colored clothing carrying two fishing poles and upon questioning, identified him as Calvin Copeland. Copeland told the officer that he was fishing, but the officer did not know of any nearby fishing area and the fishing poles did not work. Since Copeland matched the description of the robber, Officer Gowerek drove Copeland back over to the church with the fishing poles in the trunk of his car. Once the officer parked the car in front of the church entrance, Mr. Renfro walked down the steps, looked through the car window and said, "That's him. That's the guy that took the purse." Mrs. Reese agreed, "He had the same clothes on, the same face, it was him." Copeland was thereafter indicted on one count of robbery by sudden snatching and one count of simple battery. A jury found him guilty on both counts, and Copeland moved for a new trial, which motion was denied, giving rise to this appeal.

1. On appeal, Copeland first asserts that the trial court erred in denying his motion to suppress any reference to Mr. Renfro's pre-trial identification of him by allowing the State to meet its burden through the testimony of the responding police officer. On appeal of the denial of a motion to suppress, we construe the facts in favor of the trial court's findings, uphold those findings unless clearly erroneous, and

3

review de novo the trial court's application of law to the facts. See *Hinton v. State,* 321 Ga. App. 445, 449-450 (2) (740 SE2d 394) (2013).

At the motion to suppress hearing, the State produced Officer Gowerek who testified regarding Mr. Renfro's identification of Copeland. Copeland maintains that the police officer's testimony was hearsay and should not have been considered by the trial court.[1] However, "at a suppression hearing, unlike most trials, the conduct and motives of the officers are at issue, and the court must look to the information available to the officer, including hearsay." (Citation omitted.) *McDaniel v. State*, 263 Ga. App. 625, 627 (1) (588 SE2d 812) (2003). "Accordingly, the trial judge may admit hearsay testimony at the hearing, giving it such weight and credit as he deems proper, although such evidence may not be admissible at trial." Id. at 627-628. Therefore, it was not error for the trial court to receive hearsay evidence during the suppression hearing.[2]

---

[1] We note that both Mr. and Mrs. Renfro did testify at trial and that any statements to Officer Gowerek and identification of Copeland were the subject of cross-examination at that time.

[2] Although not separately enumerated, Copeland also complains that the trial court improperly asked questions in areas that the State had failed to fully develop in order to meet its burden. "A trial judge may propound questions to a witness to develop the truth of the case or to clarify testimony, and the extent of such an examination is a matter for the trial court's discretion, so long as no opinion is

2. In his second enumeration of error, Copeland contends that the trial court erred in failing to give a requested charge on the lesser included offense of theft by taking.[3] "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the State's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (Citation and punctuation omitted.) *Hunter v. State*, 261 Ga. App. 276, 278 (1) (582 SE2d 228) (2003).

_____

intimated by the court." (Citation and punctuation omitted.) *Rawls v. State*, 315 Ga. App. 891, 894 (2) (730 SE2d 1) (2012). Based on the record before us, we discern no error.

[3] In determining whether one crime is a lesser included offense of another crime for purposes of requests to charge, this Court has held that we apply the "required evidence" test set out in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). See *Stuart v. State*, 318 Ga. App. 839, 841-843 (734 SE2d 814) (2012). "Under the 'required evidence' test, the question is not whether the evidence actually presented at trial establishes the elements of the lesser crime, but whether each offense requires proof of a fact which the other does not." (Citation omitted.) Id. at 841.

As indicted in this case, the robbery by sudden snatching statute, OCGA § 16-8-40 (a) (3), requires proof that Copeland, with intent to commit theft, took the property of another from the person or the immediate presence of another by sudden snatching, whereas the theft by taking statute generally requires proof that the defendant has unlawfully taken the property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated. OCGA § 16-8-2. Because the offense of theft by taking does not require proof of a fact which is not also required for the offense of robbery by sudden snatching, theft by taking is a lesser included offense.

5

Copeland relies on *Merritt v. State,* 139 Ga. App. 171 (228 SE2d 149) (1976) to argue that there is insufficient evidence of force here, such that the lesser offense of theft by taking should have been charged. However, his reliance is misplaced. As we have explained, "force is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to his possession." (Citation and punctuation omitted.) *Brown v. State*, 309 Ga. App. 511, 513 (1) (710 SE2d 674) (2011). "Robbery by sudden snatching differs from theft by taking because the robbery offense requires proof of two additional elements: the thief must take the property from the victim's immediate presence, and the victim must be conscious of the theft at the time it is committed, in other words, before the taking is complete." *Bettis v. State*, 285 Ga. App. 643, 646 (3) (647 SE2d 340) (2007). "If the undisputed evidence shows that the victim realized the property was being taken away from her immediate presence while the theft was being committed, the offense was robbery, not theft by taking." Id.

Here, the victim's testimony, discussed above, was sufficient to support a charge on robbery by sudden snatching. Moreover, the defense, as we can discern from the record, was that another individual committed the crime. Where "the evidence shows either the commission of the completed offense as charged, or the

6

commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Citation and punctuation omitted.) *Lupoe v. State*, 284 Ga. 576, 577-578 (2) (669 SE2d 133) (2008). Accordingly, we find no error in the trial court's refusal to give the requested jury charge on the lesser included offense of theft by taking.

3. In his final enumeration of error, Copeland urges that the trial court failed to properly exercise its discretion in acting as the thirteenth juror below following his motion for a new trial. Where a defendant raises a claim under OCGA §§ 5-5-20 and 5-5-21 in his motion for new trial, the law imposes upon the trial court an affirmative duty to exercise its discretion and weigh the evidence to determine whether a new trial is warranted. See *Ricketts v. Williams*, 240 Ga. 148, 149 (240 SE2d 41) (1977), vacated on other grounds, 438 U.S. 902 (98 SCt 3119, 57 LE2d 1145) (1978); *Kendrick v. Kendrick*, 218 Ga. 460, 460 (1) (128 SE2d 496) (1962). If the record reflects that the trial court failed to exercise its discretion and sit as the thirteenth juror, we will vacate and remand for the trial court to fulfill its affirmative statutory duty. See *State v. Jones*, 284 Ga. 302, 303-304 (2) (667 SE2d 76) (2008); *Rutland v. State*, 296 Ga. App. 471, 476 (3) (675 SE2d 506) (2009).

Copeland does not point to anything in the record which would indicate that the trial court applied an incorrect standard of review when considering the grounds of the motion for new trial. It must be presumed, therefore, that the trial court properly exercised its discretion:

> Generally, in interpreting the language of an order overruling a motion for a new trial, it must be presumed that the trial judge knew the rule as to the obligation thus devolving upon him, and that in overruling the motion he did exercise this discretion, unless the language of the order indicates to the contrary and that the court agreed to the verdict against his own judgment and against the dictates of his own conscience, merely because he did not feel that he had the duty or authority to override the findings of the jury upon disputed issues of fact.

(Citation and punctuation omitted). *Moore v. Stewart*, 315 Ga. App. 388, 391 (3) (727 SE2d 159) (2012).

Here, the trial court's order states that it considered the record, applicable law, Copeland's amended motion for new trial, and argument and evidence presented in support thereof in a hearing. Because the record does not show that the trial court applied an incorrect standard of review, Copeland's final enumeration of error also fails.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*