**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 28, 2015**

# In the Court of Appeals of Georgia

A14A1852. GENE v. THE STATE.

MILLER, Judge.

Following a jury trial, Calvin Louis Gene was convicted of robbery by sudden snatching (OCGA §16-8-40 (a) (3)) and sentenced to 15 years with 10 years in confinement.[1] Gene appeals from the denial of his motion for new trial, contending that the trial court erred in failing to instruct the jury on the lesser charge of theft by taking. For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows that on the morning of Saturday, September 4, 2010, Gene and the victim met at a tire

---

[1] Gene was originally charged with rape (OCGA §16-6-1 (a) (1)) and armed robbery (OCGA §16-8-41 (a)). The jury acquitted Gene of rape and found him guilty of robbery by sudden snatching as a lesser offense of armed robbery.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

shop in Lithia Springs. The victim invited Gene to her apartment in Douglasville later that night.

Gene arrived at the victim's apartment, and she brought Gene into her bedroom where they smoked marijuana. About ten minutes after Gene arrived, he left the victim's apartment and stepped outside. According to the victim, when Gene came back inside her apartment, he was holding a black handgun, and he was angry. The victim testified that Gene took her phone and turned it off and then pointed the gun at her and forced her to have sex with him.

The victim further testified that Gene forced her to kneel by her bed on the floor at gun point, demanded money, and proceeded to search her bedroom, looking through her closet, pocketbook and wallet. Gene took $20 from her purse and took her cell phone off her dresser.

In an attempt to get Gene out of her home, the victim reminded him that she had visitors arriving shortly. Gene told the victim to stay in place and "start counting," and he walked backwards out of the apartment with the gun pointed at her. After Gene left, the victim walked to her neighbor's home and called 911. During the 911 call, the victim reported that her cell phone and $20 had been stolen.

Responding to the 911 call, officers with the Douglas County Police Department arrived at the victim's apartment after midnight and interviewed her. The victim told a responding officer that she did not realize that her phone had been taken until after Gene left her apartment, and she provided detectives with the serial number of her missing cell phone.

Later that same day, Gene was shot in DeKalb County after he allegedly raped and robbed two women there. In the course of the investigation into that incident, Gene's girlfriend gave DeKalb County police officers a cell phone from Gene's car. Several months later, Douglas County police detectives were able to match the serial number on the victim's cell phone to the phone Gene's girlfriend turned over to DeKalb County police. After Gene was arrested, the victim identified him as her attacker.

Gene was indicted for rape and armed robbery based on the taking of the victim's phone and $20. Gene requested a jury instruction on theft as a lesser included offense. The trial court refused Gene's request but instructed the jury on robbery by sudden snatching, in addition to its instructions on armed robbery.

In his sole enumeration of error, Gene contends that the trial court erred in failing to instruct the jury on theft. We disagree.

3

The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the [S]tate's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.

(Citation omitted.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

Under OCGA § 16-8-2, a person commits the offense of theft by taking when he unlawfully takes any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated. In contrast, under OCGA § 16-8-40 (a) (3), a person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by sudden snatching. Robbery by sudden snatching differs from theft by taking because the robbery offense requires proof of two additional elements: the thief must take the property from the victim's immediate presence, and the victim must be conscious of the theft at the time it is committed, in other words, before the taking is complete.

(Citation and punctuation omitted.) *Bettis v. State*, 285 Ga. App. 643, 645-646 (3) (647 SE2d 340) (2007); see also *Moore v. State*, 265 Ga. App. 511, 512 (1) (594 SE2d 734) (2004) (victim's consciousness that something is being taken is an element of robbery by sudden snatching).

4

At trial, Gene testified that the victim was a prostitute and he agreed to pay her $40 for sex, but after they had sex she demanded $80, so he took her phone and the money he had given her. It is undisputed that Gene took both the money and the phone from the victim's personal presence. Although there was conflicting evidence as to whether the victim was conscious of Gene taking her phone at the time that he took it, the victim clearly knew that Gene took her money before the taking was complete. The victim reported to the responding officer that Gene took the money directly from her and Gene's own testimony also shows that the victim was upset about Gene taking the money during the taking. Accordingly, the undisputed evidence shows that, at least as to the money, the victim was conscious of the theft at the time it was committed, as required to prove robbery by sudden snatching, and there was no error in failing to instruct the jury on the lesser offense. See *Bryant v. State*, 213 Ga. App. 301, 303 (444 SE2d 391) (1994) (no need to instruct on theft where evidence showed robbery because victim was aware of the taking).

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*