**FILED**
**JULY 28, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 37946-9-III |
| VICTOR J. MATHIS, | ) ) | |
| Petitioner. | ) ) ) ) ) ) | UNPUBLISHED OPINION |

Fearing, J. — A Klickitat County jury found Victor Mathis guilty of two counts of unlawful possession of a firearm in the first degree. Mathis appealed the convictions and this court affirmed. *State v. Mathis*, No. 36296-5-III (Wash. Ct. App. Aug. 20, 2019) (unpublished). The Supreme Court denied review, and this court mandated the appeal on January 13, 2020. On January 7, 2021, Mathis, acting through counsel, timely filed this personal restraint petition challenging his conviction and sentence. RCW 10.73.090(3)(b).

Victor Mathis' petition presents two grounds for relief. First, Mathis seeks to vacate and dismiss his firearm convictions on the grounds that the State failed to prove that an out-of-state conviction satisfied the "serious offense" element of unlawful

possession of a firearm in the first degree. Should that ground fail, Mathis secondarily

argues offender score comparability on the same grounds argued in a related appeal from

a perjury conviction. *See State v. Mathis*, No. 36816-5-III (Wash. Ct. App., March 2,

2021) (unpublished). This court rejects the first ground and remands for a hearing on the

second ground.

## LAW AND ANALYSIS

### Sufficiency of the Evidence

A person commits the crime of unlawful possession of a firearm in the first degree

when the person has previously been convicted of a serious offense and knowingly owns,

possesses, or controls a firearm. RCW 9.41.040(1)(a). This court cites the current

versions of RCW 9.41.010 and .040. The numbering and organization of these statutes

have changed since the date of Victor Mathis' offense, but the relevant definitions have

not.

In his direct appeal, Victor Mathis challenged whether his earlier conviction in

Georgia for armed robbery was a valid conviction. Now on collateral attack, Mathis

challenges whether that same conviction is a "serious offense." To qualify as a "serious

offense" an out of state conviction must be comparable to a crime that would qualify as a

"serious offense" if committed in the State of Washington. RCW 9.41.040(1)(a).

When determining the comparability of a foreign conviction for purposes of

convicting a person of unlawful possession of a firearm, Washington courts apply the

2

same standards for determining comparability for offender score purposes. *State v. Releford*, 148 Wn. App. 478, 486-87, 200 P.3d 729 (2009). "To determine if a foreign crime is comparable to a Washington offense, the court must first look to the elements of the crime." *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998). "More specifically, the elements of the out-of-state crime must be compared to the elements of Washington criminal statutes in effect when the foreign crime was committed." *State v. Morley*, 134 Wn.2d 588, 606 (1998). If the elements "are not identical, or if the foreign statute is broader than the Washington definition of the comparable crime, [then] sentencing courts may look to the defendant's conduct." *In re Personal Restraint of Crawford*, 150 Wn. App. 787, 794, 209 P.3d 507 (2009). To determine if a defendant's out-of-state conduct was factually comparable to a Washington offense, courts look only to the facts necessarily admitted to in a guilty plea or necessarily proven beyond a reasonable doubt at trial. *See In re Personal Restraint of Lavery*, 154 Wn.2d 249, 256-58, 111 P.3d 837 (2005).

Beginning with legal comparability, RCW 9.41.010(31) defines "serious offense" by listing over a dozen crimes and classes of crimes that the Legislature has deemed "serious offenses." Victor Mathis focuses on RCW 9.41.010(31)(a), which makes "any crime of violence" a "serious offense." In relevant part, "crime of violence" includes any class A felony.

Victor Mathis argues that his 1991 conviction for armed robbery in Georgia is not comparable to any of Washington's class A felonies and thus is not a "crime of violence" and therefore not a "serious offense." Washington's most analogous class A felony is robbery in the first degree. RCW 9A.56.200.

In 1991, Washington defined robbery in the first degree as occurring when a person, in the commission of a robbery or immediate flight therefrom, is (i) armed with a deadly weapon, (ii) displays what appears to be a firearm or other deadly weapon, or (iii) inflicts bodily injury. Former RCW 9A.56.200 (LAWS OF 1975 1st ex.s. c 260 § 9A.56.200). Washington further defined robbery as follows:

> A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force of fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Former RCW 9A.56.190 (LAWS OF 1975, 1st ex.s. c 260(a) § 9A.56.19).

In comparison, a person present in Georgia in 1991 could commit the crime of armed robbery:

> when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

Ga. L. 1985, p. 1036, § 1; O.C.G.A. § 16-8-41 (1990). Georgia law further defined the

robbery to include three alternative means: "(1) By use of force; (2) By intimidation, by

the use of threat or coercion, or by placing such person in fear of immediate serious

bodily injury to himself or to another; or (3) by sudden snatching." Ga. L. 1984, p. 900, §

4; O.C.G.A. § 16-8-40 (1990).

Victor Mathis agrees that these two crimes are legally comparable to each other

until the last clause in Georgia's definition of robbery: "by sudden snatching." As

previously written, Washington's definition of robbery does not contain this language or

comparable language. Because Georgia's robbery statute is broader than Washington's,

the two crimes are not legally comparable. The absence of a "sudden snatching"

alternative means in Washington's statutes caused another Division of this court to hold

that these two statutes are not legally comparable to each other. *State v. Bruno*, 2017 WL

5127781 at *2, 1 Wn. App. 2d 1010 (2017) (unpublished).

Since the two crimes lack legal comparability, any court must necessarily engage

in a factual comparability analysis to find Victor Mathis' Georgia crime befitting of

Washington's robbery statute. Nevertheless, the court's opinion in *State v. Bruno*

presents another path forward, which renders a factual comparability analysis of robbery

unnecessary. We can look to another Washington criminal statute.

In *State v. Bruno*, the parties and the court agreed that Georgia's robbery statute was legally comparable to Washington's first degree theft statute, RCW 9A.56.030(1)(b). *Bruno* at 2. In 1991, a person in Washington could commit the crime of theft in the first degree when they commit "theft of: . . . (b) Property of any value taken from the person of another." Former RCW 9A.56.020(1)(b) (LAWS OF 1975 1st ex.s. c 260 § 9A.56.030). Reviewing Georgia case law, the *Bruno* court found that Georgia's "sudden snatching" alternative, as well as Georgia's other robbery alternative means, all fell within Washington's means of committing theft by taking property of any value from the person of another. *Bruno* at 2 (discussing *Brown v. Georgia*, 309 Ga. App. 511, 710 S.E.2d 674 (2011)). This court agrees with *Bruno*'s analysis.

Returning to the definition of "serious offense," a prior conviction for a Class A felony is only one of over a dozen ways of proving this element of unlawful possession of a firearm. Another way of satisfying this element is to show that the defendant has a prior conviction for any felony with a deadly weapon verdict. RCW 9.41.010(31)(n), (o). Because the record before this court shows that Victor Mathis admitted to committing his 1991 armed robbery while armed with a firearm, his prior conviction is comparable to Washington's "serious offense" of theft in the first degree while armed with a deadly weapon.

Offender Score Comparability

In Victor Mathis' appeal of a related perjury conviction, this court remanded with instructions for the trial court to conduct an offender score comparability analysis, and, if necessary, resentence Mathis. *State v. Mathis*, No. 36816-5-III (Wa. Ct. App., Unpublished Op. filed March 2, 2021). In this petition, Mathis asks this court to determine comparability of all of his prior Georgia felonies in the first instance. We decline to do so.

Washington's appellate courts are courts or review, not courts of first instance. When the State has not been put to its burden of proving comparability, the remedy is to remand for the trial court to conduct a comparability hearing and for the State to have an opportunity to develop the record and its supporting arguments. *State v. Mendoza*, 165 Wn.2d 913, 930, 205 P.3d 113 (2009), disapproved of in part on other grounds by *State v. Jones*, 182 Wn.2d 1, 7 n. 3, 338 P.3d 278 (2014). While Victor Mathis has supplied this court with numerous documents from his Georgia offenses, the State has not yet been put to its burden and had the motive or opportunity to develop the record for a comparability analysis. This court does not know if the record is complete or whether other relevant documents may be available from the State of Georgia.

CONCLUSION

The petition is denied in part and remanded to the superior court to conduct a comparability analysis and resentencing if necessary. Should either party disagree with

7

the trial court's comparability decision, further review may be obtained via a second direct appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, J.

_____
Lawrence-Berrey, A.C.J.

8